Judge Owslev
delivered the opinion of the court.
This writ of error was brought to reverse an order of the Mercer county court, altering a, public road.
By the assignment of error, various objections are taken to the proceedings in that court; and such of them as are deemed material, we shall examine in the order they occur.
It is first objected, that the report of the viewers, upon ■which the alteration was made, is irregular and void, m consequence of the heirs of Gashweller, through whose Sand the road is reported to run. not being respectively named.
But upon adverting to the law regulating the establishment and alteration of roads, no provision is perceived upon which this objection can be sustained.
The viewers are certainly no where expressly required to name In their report the persons through whose land the read may be proposed to run; but as it is made their duty to rePort conveniences and inconveniences which may result as well to individuals as the public, if the road should be established, it is proper, for the* purpose of having them ⅛0⅝¼ before the court, that those individuals should, either by the report of the viewers, or in some other way, be made known to the court, but as that may, as it has in the Presen* case5 be done by the viewers representing in general terms that the heirs of Joseph Gashweller would sustain an individual injury, we cannot suppose the failure to name the heirs is a material defect.
It is secondly objected, that the court proceeded irrejni- *85 larly in appointing a guardian for the infant heirs of Gash-weller, and trying the cause, without causing them to he previously served with process to appear in court.
Infant heirs Previed, need not be summoned ⅛?01'® f J-tem ;s aI,. pointed,
Itisnotim-¾ the viewers» guardian to
propertodis-place one guardian and t0 ¿e_ fend,
. Construe*, ¾'seet° of the iq*. article of the constltlitlon-
This objection we are also of opinion cannot be sustained. If, in any case, infants should be served with process before the appointment of a guardian to defend for them, it must be for the purpose of causing them to appear in court, and consequently, as by the record in this cáse, the heirs of Gash weller are shewn to have been in court before the guardian, who defended for them, was appointed, the failure to serve them with process, if otherwise necessary, ought not to a fleet the validity of the order changing the road.
It is again objected, that the court improperly appointed Joshua Barbee guardian to defend for the heirs, because he appears to have been one of the viewers who made report in the present case, and because there appears to have been another guardian previously appointed.
As the court possessed the power of appointing a guardian, it was certainly competent for them, whenever the circumstances in their estimation required it, by the appointment of another guardian, to remove any which might have been previously appointed; and although Barbee was one of the viewers, that cannot, upon any principle of law or propriety, have disqualified him from acting as guardian, or furnish any iust objection to his appointment.
But it is moreover objected, that the road should not have been established on the land of such of the plaintiffs in error, in whose favor damages were assessed, without those damages having been previously paid to them.
The act of assembly under which these proceedings were had, no where requires such payment, but the objection is taken upon the hypothesis of its being indispensible, under the constitution off this country. .
It will be recollected, that upon the establishment of a road, the owners of the land through which it runs, becomes by operation of law invested with a legal right to the damages which may have been-assessed in their favor, and that the court is imperatively required to levy the same in the next county levy. Those persons, therefore, in whose favor damages were assessed in this case, although not actu-, ally.paid, they are, by the provisions of law, secured in the \ payment of those damages; and as such we suppose, that V ⅛ the sense intended by the makers of the constitution, ¾ \ *86 just compensation is made to them for the land over which the road has been established. Such has not only been the cotemporaneous exposition of the constitution, by the legislature of this country in their various enactments upon the subject, but that exposition has also been recognized by the invariable practice ever since the adoption of the constitution to the present time; and after such a uniformity of construction, for such a length of time, we have no. disposition, whatever doubts might exist, was it a case of the first impression, to depart from it.
Wickliffe for plaintiff in error, Hardin for defendant.
We do not therefore think, that from any thing contained in the constitution, the damages assessed should have been paid to the owners of the land before the road was established.
It is also objected, that the court erred in relation to the interest of the heirs of Abraham Gashweller in not levying the amount of damages assessed in their favor.
To this objection it need however be only replied, that the law no where requires the levy to be made at the time of establishing the road, but directs it to be done at the laying the next levy.
Upon the whole we are of opinion, that the record presents no error apparent upon its face, which can warrant this court in setting aside the order establishing the road; and as we are of opinion, the assignment of error does not question the propriety of the decision of the county court upon the facts of the ease, the judgment must be affirmed-with cost.