### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

### DRESSER INDUSTRIES, INC., Defendant-Appellee.

No. 80–9053.

United States Court of Appeals, Eleventh Circuit.

Feb. 22, 1982.

Leroy D. Clark, Gen. Counsel, Washington, D. C., Jerome C. Rose, E.E.O.C., W. L. Williams, Jr., Birmingham, Ala., Shelah M. Dickens, III, Deborah Reik, Washington, D. C., for plaintiff-appellant.

Merrill, Porch, Doster & Dillon, P. A., Ralph D. Porch, Anniston, Ala., Seyfarth, Shaw, Fairweather & Geraldson, Andrew M. Kramer, Anita Barondes, Washington, D. C., for defendant-appellee.

Before RONEY and FAY, Circuit Judges, and EDENFIELD *, District Judge.

FAY, Circuit Judge:

The tortoise-like speed with which the Equal Employment Opportunity Commission [EEOC] handled the enforcement action of this Title VII case has cost it the race. The EEOC filed a complaint against Dresser Industries, Inc., on November 8, 1979, alleging discrimination against females in its hiring practices at its Anniston, Alabama, facility.[1] Unfortunately for the Commission, more than five years elapsed from the dates of the alleged violations and the filing of its complaint. The District Court for the Northern District of Alabama, applying the doctrine of laches, found this delay to be unreasonable, resulting in undue prejudice to the defendant, Dresser Industries. In light of this finding, the court dismissed the action with prejudice on a motion for summary judgment. The EEOC brings this appeal asserting the District Court improperly dismissed the case. We hold the dismissal to have been a proper exercise of the court's discretionary power to apply the doctrine of laches and affirm the dismissal.[2]

On March 1, 1974, Doris Smalley filed a charge with the EEOC, alleging that Dresser Industries had discriminated against her in connection with employment applications

---

* The Honorable Newell Edenfield, United States District Judge for the Northern District of Georgia, sitting by designation. This case is being decided by a quorum due to the death of Judge Edenfield on December 26, 1981. 28 U.S.C. § 46(d).

1. The action was brought under Section 706(f)(1) and (3) and (g) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.

2. Our affirmance of the dismissal of this action against Dresser Industries by no means prevents the EEOC from filing a current charge, investigating it, and filing a new lawsuit if, as alleged, discriminatory practices are continuing.

she had filed on May 31, 1973, and January, 1974.[3] The EEOC sent a Notice of Charge on March 8, 1974, which was received by Dresser on March 13, 1974. The notice merely indicated that a charge had been filed alleging sex discrimination in "hiring, terms and conditions of employment and in maintaining segregated facilities."[4] The notice was not accompanied by a copy of the charge itself. It was at this point in the process, the EEOC's delay began. The following calendar demonstrates the inordinate time gaps in the EEOC's handling of this claim.

### 1974

3/13 Dresser receives the Notice of Charge

### 1976

11/18 Dresser receives a copy of the charge advising of a delay in the institution of an on-site investigation

12/21 EEOC inspector visits the plant

### 1977

1/25 Smalley files an amended charge

1/26 Second on-site inspection

2/1 EEOC requests additional information

2/4 Dresser responds to the EEOC's request

### 1978

3/28 EEOC notifies Dresser of its finding of reasonable cause

5/31 EEOC notifies Dresser that conciliation efforts have failed

### 1979

11/8 EEOC files complaint against Dresser

The District Court evaluated Dresser's Motion to Dismiss or for Summary Judgment, the EEOC's Response and Motion for Summary Judgment, Dresser's Response to the EEOC's motion, supporting documents and affidavits, and the oral arguments of the parties. Upon completion of this evaluation, the court applied the doctrine of laches dismissing the case with prejudice. In our review of the District Court's action, we must examine the record in the light most favorable to the opposing party to determine if Dresser demonstrated the absence of a genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once this prerequisite has been established, we must determine if Dresser is entitled to the dismissal as a matter of law. Fed.R.Civ.P. 56(c).

There is no dispute as to the chronology of facts surrounding this claim. Thus, the District Court properly determined that no genuine issue of material fact existed and the first prong of the summary judgment test was satisfied. The parties disagree, however, on the resulting conclusion derived from the facts. The EEOC contends the delay was neither unreasonable nor resulted in undue prejudice to Dresser. In order to determine Dresser's legal entitlement to the dismissal, we must find that both of the EEOC's contentions are incorrect.

Laches is an equitable doctrine designed to prevent unfairness to a defendant due to a plaintiff's delay in filing suit in the absence of an appropriate statute of limitations. In *Occidental Life Insurance Co. v. E.E.O.C.*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Court acknowledged procedural safeguards in EEOC regulations, but found it "possible that despite these procedural protections a defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action ...." *Id.* at 373, 97 S.Ct. at 2458. The Court suggested that federal courts exercise their discretionary

---

**3.** The actual charge signed by Ms. Smalley states that she applied in October, 1973. Record, vol. 1, at 60. However, the employment records submitted with Dresser's motion to dismiss clearly set the date as May 31, 1973. In view of our disposition of the case, we do not find this discrepancy merits concern.

**4.** Record, vol. 1, at 153. .

power "to locate 'a just result' in light of the circumstances peculiar to the case" in the event of an unexcused delay by the EEOC. *Id.*, citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424–25, 95 S.Ct. 2362, 2374–75, 45 L.Ed.2d 280 (1975).

Since the *Occidental* decision, laches has been relied upon by various district courts within this circuit,[5] as well as other circuit courts of appeal,[6] as grounds for dismissal of EEOC actions which have been inordinately delayed. Previously, the Fifth Circuit indirectly approved the use of Section 706 of the Administrative Procedure Act as grounds for dismissal in a District Court opinion which rejected the use of laches. *Jones v. Bell Helicopter*, 614 F.2d 1389 (5th Cir. 1980); *E.E.O.C. v. Bell Helicopter*, 426 F.Supp. 785 (N.D.Tex.1976).[7] This is the first time this Circuit has had the opportunity to evaluate the propriety of the doctrine of laches *and* approve of its application in an action filed by the EEOC.[8]

"To apply laches in a particular case, the court must find both that the plaintiff delayed inexcusably in bringing the suit and

that this delay unduly prejudiced defendants." *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1256 (5th Cir. 1979), *rehearing en banc*, 619 F.2d 459 (5th Cir. 1980), *aff'd*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). This two-prong test is easily satisfied by the facts of this case.

*A Matter of Time*

■ A glance at the time frame under which the EEOC handled this claim clearly exhibits lengthy time gaps between the various steps in the administrative process. Over two and one-half years elapsed between the filing of the claimant's charge and Dresser's receipt of a copy of that charge. Over a year went by between the dates of inspection and the EEOC's determination of reasonable cause. And, it took an additional seventeen months for the EEOC to file its complaint after it had notified Dresser of failure in its conciliation efforts. In total, it took the EEOC five years and eight months to process the claim after notice had been given to Dresser.[9] Despite the justifications asserted by the EEOC, we find the delay intolerable.

---

**5.** *See, e.g., EEOC v. Bray Lumber Co.*, 478 F.Supp. 993 (M.D.Ga.1979); *EEOC v. Kelly Mfg. Co.*, 20 Empl.Prac.Dec. ¶ 30,071 (N.D.Ala. 1979); *EEOC v. Am. Petrofina Co.*, 17 Empl. Prac.Dec. ¶ 8555 (E.D.Tex.1977).

**6.** *See, e.g., EEOC v. Alioto Fish Co.*, 623 F.2d 86 (9th Cir. 1980); *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271 (7th Cir. 1980); *EEOC v. Am. Ntn'l Bank*, 574 F.2d 1173 (4th Cir.), *cert. denied*, 439 U.S. 876, 99 S.Ct. 213, 58 L.Ed.2d 190 (1978); *EEOC v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir. 1978).

**7.** The Fifth Circuit found the decision in *EEOC v. Bell Helicopter* was res judicata to a subsequently filed private action based on the same claim. In the earlier opinion, the District Court stated that "the doctrine of laches has no practical application in cases brought by the EEOC to correct employment discrimination. . . ." 426 F.Supp. at 790. The court based its conclusion on earlier Fifth Circuit opinions which contained dicta to that effect. The *Occidental* decision has superseded any true concern over the applicability of laches. Thus, the District Court's reliance on section 706 of the Administrative Procedure Act was based in part on what it perceived as a pre-*Occidental* inability to rely on the doctrine of laches. Consequently, the Fifth Circuit's indirect approval of the

District Court's opinion in *EEOC v. Bell Helicopter* poses no bar to our decision in this case.

Dresser has asserted that section 706 provides an alternate ground on which to base the District Court's dismissal of the present action. Because we find the doctrine of laches appropriate and affirm the District Court's decision on this theory, we find it unnecessary to address this alternative.

**8.** In *Bernard v. Gulf Oil Co.*, 596 F.2d 1249 (5th Cir. 1979), *rehearing en banc*, 619 F.2d 459 (5th Cir. 1980), *aff'd*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981), the Fifth Circuit approved the use of laches in a private employment discrimination action, but found its application unwarranted in that instance. *See also, Franks v. Bowman Transp. Co.*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).

**9.** As the District Court noted, the delay in this action is longer than that in almost every other case dismissed for delay in this Circuit. Rec., vol. 1, at 156. *See, e.g., EEOC v. Bray Lumber Co.*, 478 F.Supp. 993 (M.D.Ga.1979) (four years); *EEOC v. Am. Petrofina Co.*, 17 Empl. Prac.Dec. ¶ 8555 (E.D.Tex.1977) (4 years, 10 months); *EEOC v. C & D Sportswear Corp.*, 398 F.Supp. 300 (M.D.Ga.1975) (5 years, 7 months).

The EEOC attempted to justify this delay on the basis of its heavy case load and its having undergone reorganization during the pendency of this claim. The argument is neither novel nor new. Courts faced with this excuse have empathized with the plight of the agency, but have consistently rejected it as inadequate justification. *EEOC v. Alioto Fish Co.*, 623 F.2d 86, 88 (9th Cir. 1980); *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271 (7th Cir. 1980); *EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978).[10] We are not unmindful of the heavy burden placed upon federal agencies and the mounting volume of claims filed each year, but we cannot allow defendants to be sacrificed in an administrative quagmire. "The Commission [EEOC] was designed to protect substantive rights, not shield discrimination in a bureaucratic milieu where enforcement is passed on to the second and third generation." *Jones v. Bell Helicopter Co.*, 614 F.2d 1389, 1391 (5th Cir. 1980). We find the delay in this case unreasonable.

*A Resulting Prejudice*

◼ Having found that the District Court properly determined the existence of unreasonable delay, we must now examine the record for resulting prejudice to the defendant, Dresser Industries. "Classic elements" of undue prejudice include unavailability of witnesses, changed personnel, and the loss of pertinent records. *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271 (7th Cir. 1980); *EEOC v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir. 1978). The District Court found that Dresser's defense to this action was plagued by these elements. The

record reflects the accuracy of the District Court's finding.

Dresser submitted affidavits establishing the unavailability of witnesses crucial to its defense. Doris Smalley had originally applied for an inspector's position. Dresser's manager of Quality Control and supervisor of inspectors died during the pendency of this claim. The plant's personnel manager, who had interviewed Doris Smalley and who allegedly told her of the plant's weight requirement, had left Dresser's employ and was last known to have been working in Tripoli, Libya. Both of these men were substantial witnesses needed by Dresser to assure a proper defense. As the Ninth Circuit noted in *Boone v. Mechanical Specialties*, 609 F.2d 956, 959 (9th Cir. 1979), a company "should not be held responsible for the intervening deaths, retirements, voluntary and involuntary terminations, which normally occur with the passage of time." We agree.[11] Additionally, the District Court found that Dresser had "experienced a complete turnover in its personnel staff since Doris Smalley's application for employment."

Perhaps the greatest disagreement between the parties concerns the loss of records. The EEOC asserts that once Dresser received notice of a single claim of discrimination, it should have immediately secured *all* employment records for the duration of any pending litigation. The Commission relies on section 1602.14(a) of the Code of Federal Regulations, which requires employers to retain "all personnel records relevant to the charge."[12] This issue is complicated by the fact that almost six years after

---

**10.** *Cf. Chromcraft Corp. v. EEOC*, 465 F.2d 745 (5th Cir. 1972) (EEOC's delay in serving employer with notice was justified by insufficient personnel to handle workload and Commission's concern over reprisals).

**11.** In its brief, the EEOC suggests that Dresser has not proven the unavailability of Andrus, the personnel manager, and that Dresser should have made a greater effort to secure statements from witnesses before they became unavailable. We refuse to require employers to foretell the future and the potential unavailability of witnesses and find the EEOC's suggestion untenable.

**12.** Section 1602.14(a) of the Code of Federal Regulations provides in pertinent part:

Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under title VII, the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other employees holding positions similar to that held or sought by the aggrieved person and applica-

Dresser had been notified of Doris Smalley's single discrimination claim, the EEOC filed a *class action* complaint alleging continuing sex discrimination since July 2, 1965. The EEOC argues that Dresser should have known of the Commission's ability to bring a class action suit, and suggests that all "records relevant to the charge" is synonymous with *all* employment records. We do not believe the regulation's language should be given such an expansive interpretation.

By the time the class action was filed, Dresser had retained all records relating to Smalley's claim, but had destroyed other employment records pursuant to its policy to keep records for a five year period. The District Court determined that Dresser had retained those records "relevant" to the Smalley charge, the only one of which Dresser had notification, and had therefore satisfied the requirements of section 1602.-14(a). We agree. Once defendants satisfy the EEOC's record retention requirement in Title VII enforcement actions, they should not be punished for failing to exceed standards mandated by the very Commission that promulgated them.[13]

We find the District Court properly applied the doctrine of laches. The record reflects adequate proof supplied by Dresser of unreasonable delay in the processing of this claim and resulting prejudice to be suffered by the defendants should the claim be brought to trial. As we noted earlier, this opinion in no way places a straight jacket on the EEOC to prohibit it from pursuing a pattern of discrimination that is allegedly occurring at Dresser. The decision of the District Court dismissing the action is AFFIRMED.

tion forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected.

13. The advent of the class action form of this complaint further prejudiced Dresser as the remedy requested sought back pay for all class members. The delay, therefore, substantially increased the amount to be recovered in the event the EEOC prevailed in this enforcement action. *See EEOC v. Alioto Fish Co.*, 623 F.2d 86, 89 (9th Cir. 1980).