Nicu J. ROZEN, M.D., Appellant,

v.

DISTRICT OF COLUMBIA, a municipal corporation, et al.

No. 81–2302.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 19, 1982.
Decided March 25, 1983.

John E. Corcoran, Jr., Washington, D.C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, District of Columbia, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel and Charles L. Reischel, Deputy Corp. Counsel, District of Columbia, Washington, D.C., were on the brief, for appellees.

Before MacKINNON and EDWARDS, Circuit Judges, and SWYGERT,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion PER CURIAM.

PER CURIAM.

Plaintiff Nicu J. Rozen, M.D., appeals from a grant of summary judgment in favor of defendant District of Columbia. The district court held that Rozen had delayed unreasonably in filing his employment discrimination suit, and that this delay had been significantly prejudicial to defendant. The court therefore dismissed the action on the ground of laches. We reverse.

I

Rozen is a naturalized citizen not licensed to practice medicine in the United States.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

He had been trained as a physician in Rumania, and has worked as a medical aide for the District of Columbia since 1968. In February 1977 Rozen filed charges, *pro se*, with the Equal Employment Opportunity Commission (EEOC) alleging various forms of race, religious, and national origin discrimination. Rozen's complaint primarily concerned incidents occurring in late-1976 and early-1977 in which, he alleges, he was denied promotions, assigned tasks beneath his qualifications, and denied equal treatment in seeking certain leaves of absence.

In a September 21, 1978 decision the EEOC determined there was no reasonable cause to believe that the allegations were true. The EEOC advised Rozen of his right to file suit in the federal district court within ninety days of his receipt of a "right to sue" notice which was to be issued from the Department of Justice.[1] Approximately six weeks later Rozen wrote to the EEOC requesting permission to examine his file and to speak to the Commissioner concerning his case. In this letter Rozen also stated that he was "already under the pressure of time and events to institute suit as soon as possible."

Not until June 28, 1980 did Rozen receive his right to sue letter from the Department of Justice. Rozen then, *pro se*, timely filed this action in the district court.[2] On July 17, 1981 the district court dismissed all counts except one based on Title VII, 42 U.S.C. §§ 2000e *et seq.* (1976).[3] Defendant

thereafter moved to dismiss this remaining count, arguing that the twenty-one month delay between the EEOC decision and the issuance of the right to sue notice was chargeable to Rozen, and that it had been prejudiced by the delay. Defendant thus contended that Rozen's Title VII count should be dismissed on the ground of laches. The district court agreed. In its November 10, 1981 memorandum opinion, the court held that Rozen had "unreasonably and inexcusably delayed" in filing suit, and that a plaintiff should "be prevented from 'lying low' to his adversary's disadvantage after he has requested a notice to sue but where one does not issue within a reasonable time." The court also ruled that defendant had been prejudiced by the delay because a witness and certain employment records were unavailable. This appeal followed.

## II

The defense of laches requires a finding both that the plaintiff delayed inexcusably or unreasonably in filing suit and that the delay was prejudicial to the defendant. *Boone v. Mechanical Specialties Co.,* 609 F.2d 956, 958 (9th Cir.1979); *Save Our Wetlands, Inc. v. Army Corps of Engineers,* 549 F.2d 1021 (5th Cir.), *cert. denied,* 434 U.S. 836, 98 S.Ct. 126, 54 L.Ed.2d 98 (1977). Although laches may apply to Title VII actions brought by private plaintiffs, *Fowler v. Blue Bell, Inc.,* 596 F.2d 1276 (5th Cir.1979), it is also true that Title VII "is

1. Formerly, the Department of Justice was responsible for issuing notices of right to sue where the respondent was a "government, governmental agency, or a political subdivision," 29 C.F.R. § 1601.28(d) (1981), and shall do so "promptly." *Id.,* section 1601.28(a).

2. Shortly after the District of Columbia was served, Rozen was informed that his job would be eliminated as part of a "Reduction in Force" (RIF), effective January 1, 1981. Rozen appealed the RIF to the Merit Systems Protection Board, which ruled in his favor and ordered reinstatement. During this time, Rozen moved for appointment of counsel in the district court. This motion was denied in the district court's order of July 17, 1981. In regard to the appointment of counsel, should the issue arise on

remand, we would urge the district court to consider our comments expressed in *Camps v. C & P Telephone Co.,* 28 FEP Cases 64, 69–70 (D.C.Cir.1981).

3. Rozen's claim of retaliatory firing was dismissed without prejudice for failure to exhaust administrative remedies. Claims based on 42 U.S.C. §§ 1981, 1983, on the District of Columbia Human Rights law, D.C.Code Ann. §§ 6–2201 *et seq.,* and on the fourteenth amendment were dismissed for failure to state a claim upon which relief could be granted. An age discrimination claim, 29 U.S.C. § 626 (1976 ed. & Supp. II), was barred by the statute of limitations. These dismissals are not appealed.

remedial legislation dependent for its enforcement on laymen," and that "resort to technicalities to foreclose recourse to administrative or judicial processes is particularly inappropriate." *Bethel v. Jefferson,* 589 F.2d 631, 642 (D.C.Cir.1978) (citations omitted). We find that under the facts of this case a defense of laches is unsupportable.

■ The threshold inquiry is whether Rozen delayed unreasonably in filing suit in the district court. We disagree with the district court that Rozen should be held responsible for the delay in the issuance of his right to sue notice. The facts reveal that the September 21, 1978 letter from the EEOC instructed Rozen that he could initiate a suit on his own behalf *after* he received notice from the Department of Justice. Rozen had a right to assume that such notice would be forthcoming, and we cannot impute to Rozen, proceeding *pro se,* knowledge of the statutory scheme that would have authorized him to file suit absent the notice. This is not a case where a plaintiff fails to file suit when that option is known and within the plaintiff's power, *see EEOC v. Dresser Industries, Inc.,* 668 F.2d 1199 (11th Cir.1982) (laches defense upheld where EEOC delayed five years in filing suit), or where a private plaintiff is offered a right to sue letter yet repeatedly refuses to take action, *see Boone v. Mechanical Specialties, Inc., supra,* 609 F.2d at 957 (laches defense upheld where EEOC informed plaintiff of right to obtain notice and plaintiff delayed seven years).

Defendant argues that evidence of Rozen's unreasonable delay lies in his failure to seek a right to sue letter. This contention is without merit. Apart from our hesitation to impose such a duty after the EEOC informed Rozen that the notice would be forthcoming, we find that even a conservative interpretation of Rozen's November 6, 1978 letter to the EEOC indicates strongly his intention to file suit.[4] At the very least, this letter should have indicated to the EEOC that the claim would be pursued, and it sufficiently rebuts any inference that Rozen was content to "sleep on his rights." That Rozen sent this letter to the EEOC rather than the Department of Justice is the type of error to which we will not hold a *pro se* litigant accountable.

Although our holding that Rozen did not unreasonably delay in filing suit is dispositive of the laches defense, we note further that any prejudice suffered by defendant in this case is attributable to its own actions. First, it appears at this time that Rozen is pursuing his allegation of discriminatory treatment only in regard to certain work assignments in late-1976 and early-1977. In the district court, defendant conceded that "[i]t is possible, although not at all certain, that some of these records might be warehoused in boxes at one of several locations, organized if at all by agency name and time periods...." Given that the relevant records may still be available, any difficulty in retrieving the records is an insufficient basis to deny Rozen an opportunity to litigate his claim. Second, even if pertinent records were destroyed, it is apparent that they were done so in violation of the EEOC regulation that requires an employer against whom a discrimination claim is filed to "preserve all personnel records relevant to the charge or action until final disposition of the charge or action." *See* 29 C.F.R. § 1602.14(a) (1977). As such, defendant cannot now claim that Rozen's "delay" has been prejudicial.

For the foregoing reasons, the judgment of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.

---

4. The letter stated in pertinent part:

    Before filing suit, I would like to have a discussion with you in regard to this matter at your convenience. I am already under the pressure of time and events to institute suit as soon as possible.