**Vonthia I. FRIDY, Plaintiff,**

v.

**H. Carl MOULTRIE, et al., Defendants.**

Civ. A. No. 83–3475.

United States District Court,
District of Columbia.

May 7, 1984.

Selma W. Samols, Silver Spring, Md., for plaintiff.

Jane E. Petkofsky, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Defendants have moved to dismiss or for summary judgment on plaintiff's complaint alleging violations of Title VII, 42 U.S.C. § 2000e–3, and 42 U.S.C. §§ 1981, 1983, as well as of the Fourteenth Amendment to the Constitution. Plaintiff's claims of race and sex discrimination stem from her failure to obtain a promotion in 1972 while an employee of the District of Columbia Superior Court. After considering defendants' motion, this Court concludes that plaintiff's claim under Title VII is barred by the equitable doctrine of laches and plaintiff's remaining claims are barred by the statute of limitations. Accordingly, summary judgment must be granted to defendants and the complaint dismissed.

Under the principles established in *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), where, as here, no federal statute of limitations governs the cause of action brought under federal law, the Court must look to the most analogous state statute of limitations. 421 U.S. at 462, 95 S.Ct. at 1721. While recent case law leaves some doubt as to whether claims brought in the District of Columbia under 42 U.S.C. §§ 1981, 1983, and the Fourteenth Amend-

ment are subject to a one-year statute of limitations or a three-year period,[1] in either event it is clear that plaintiff has failed to bring these claims in a timely manner. Plaintiff's cause of action arose over eleven years ago; the time for filing suit under the provisions cited has long since passed, and those claims must therefore be dismissed.[2]

■ Plaintiff's Title VII claim is also barred by the doctrine of laches. In this regard, the unusual procedural background of this case, which is not in material dispute, must be set forth.

Following denial of a competitive promotion plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC) on June 29, 1972. Plaintiff did not, however, notify the Superior Court of her claim and the EEOC did not give notice of the claim until March, 1983. The employer was thus unaware of the claims being made for over a decade.

For nearly three years after filing her administrative complaint plaintiff apparently did not pursue the matter further. On April 15, 1975, she was notified by the EEOC that it did not have jurisdiction over her Title VII claim, but that her claim might come within the jurisdiction of the Civil Service Commission. Plaintiff was also told that she could request a right-to-sue letter at that time. Plaintiff did request a right-to-sue letter, and received in response an inquiry from the EEOC, which had apparently lost her file, asking who she had charged so her request for a right-to-sue letter could be processed. Plaintiff never responded to this inquiry.

Instead, plaintiff's attorney by letter dated June 17, 1975, asked the Civil Service Commission what administrative procedure should be followed. On July 9, 1975, the Commission denied it had jurisdiction over plaintiff's case and returned her claim to the EEOC. Plaintiff's subsequent correspondence with both the EEOC and the Commission failed to resolve the question of which agency should hear her administrative claim. Rather than pursue her substantive claims in court plaintiff, after further delay, brought suit in this Court to determine which agency had jurisdiction over her administrative claim. *Fridy v. Bell, et al.*, C.A. No. 78–1804 (D.D.C. filed Sept. 26, 1978) (Hart, J.). In April of 1979 the case was settled when the EEOC agreed to accept jurisdiction of plaintiff's case.

In September, 1980, plaintiff inquired of EEOC concerning the status of her case. She received no response. Plaintiff renewed her inquiry some 17 months later in February, 1982. The EEOC's response indicated that it knew nothing of plaintiff's case. After some further communication, plaintiff was advised in January, 1983, that the matter was now under investigation by the EEOC. Finally, as a result of a request by plaintiff's attorney, the EEOC issued a right-to-sue letter on September 8, 1983, and the present suit was filed on November 18, 1983.

The doctrine of laches provides a defense where the evidence shows "both that the delay [in bringing suit] was unreasonable and that it prejudiced the defendant." *Powell v. Zuckert*, 366 F.2d 634, 636 (D.C. Cir.1966). In the case now before the

---

1. *Compare Parker v. Baltimore & Ohio Railroad Co.*, 555 F.Supp. 1182 (D.D.C.1983), *with Hughes v. C & P Telephone Co.*, 583 F.Supp. 66, 33 F.E.P. 1648 (D.D.C.1983).

2. The filing of an administrative Title VII claim does not, of course, toll the statute with respect to plaintiff's other independent claims. *Railway Express Agency*, 421 U.S. at 466, 95 S.Ct. at 1723. It is also clear that plaintiff has failed to state a claim under these provisions as to defendants Moultrie and Wright; the complaint only alleges that defendant Schumann was involved in the decision not to promote plaintiff.

Complaint ¶ 6. *See Eskridge v. Jackson*, 401 A.2d 986, 989 n. 7 (D.C.1979). Nor could the allegations of misconduct by Mr. Schumann constitute a claim against the District of Columbia. *Monell v. New York Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Finally, it also appears that no claim can be stated under § 1983 or the Fourteenth Amendment for actions occurring in 1972. *District of Columbia v. Carter*, 409 U.S. 418, 424, 432, 93 S.Ct. 602, 606, 610, 34 L.Ed.2d 613 (1973).

Court both the necessary elements are present.

Plaintiff does not dispute defendants' assertion that at the time of the events complained of she held a competitive service position and sought promotion to another competitive position. Under 42 U.S.C. § 2000e–16(c), therefore, plaintiff was entitled to bring an action in this Court after 180 days had elapsed from the date her complaint was filed with the EEOC.[3] The sorry performance by the EEOC with respect to plaintiff's administrative claim does not alter this fact. The agency's inadequate and confused responses to plaintiff's repeated, albeit widely-spaced, inquiries concerning the status of her claim must have alerted plaintiff, who has been aided by counsel since at least mid-1975, that she should seek her remedy in court. Plaintiff has clearly slept on her oars.

The District of Columbia has been seriously prejudiced by plaintiff's delay.[4] Not until September, 1978, at the earliest, when plaintiff filed suit against the EEOC and the Civil Service Commission, did the District have any awareness whatsoever of some kind of claim. More realistically, it was not until contacted by the EEOC in March, 1983, that her employer had actual notice of the specific incident complained of. Plaintiff has never availed herself of any grievance procedures within the Superior Court or otherwise previously served the Court with specific notice of her claims.

All official records relating to the promotion at issue have long since been discarded. Key personnel have retired, and the memories of all concerned have undoubtedly faded. Any attempt to reconstruct the promotion decisionmaking process as it existed over a decade ago would be virtually impossible today. The District is thus at a severe disadvantage in preparing its defense due to the extended lapse of time since the events complained of occurred. Where, as here, plaintiff had not even provided the District government with notice of her claims during this period, such prejudice to its ability to mount a defense is fatal to plaintiff's much belated claims under Title VII. *EEOC v. Dresser Industries, Inc.*, 668 F.2d 1199, 1203 (11th Cir. 1982).[5]

While plaintiff cannot in any way be charged with the EEOC's failure to carry out its mandated responsibilities, plaintiff has also slept on her rights to the detriment of defendants and must take responsibility for the long delay in bringing the present court action. Summary judgment is therefore granted to defendants. An appropriate Order is filed herewith.

---

**3.** Even if it were assumed that plaintiff was first required to obtain a right-to-sue letter under 42 U.S.C. § 2000e–5(f)(1), which plaintiff would have been entitled to 180 days after her initial complaint was filed, it is clear from the undisputed facts that plaintiff has not exercised reasonable diligence in seeking such a letter. At least as early as 1975 it was clear that EEOC was willing to issue such a letter and plaintiff was so advised. *See* exhibits 4 and 6 to defendants' motion for summary judgment.

**4.** Plaintiff's Title VII action is, of course, in essence an action against the government of the District of Columbia.

**5.** The present case thus stands in marked contrast to the situation before the Court in *Rozen v. District of Columbia*, 702 F.2d 1202 (D.C.Cir.

1983). Unlike the plaintiff in *Rozen*, plaintiff here has had the benefit of counsel for at least the past eight or nine years. Here also plaintiff ignored a 1975 request from the EEOC for information so her request for a right-to-sue letter could be acted on. *See Boone v. Mechanical Specialties, Inc.*, 609 F.2d 956, 959 (9th Cir. 1979). And, of particular significance, the loss of crucial evidence cannot be attributed to defendants in the present case because of plaintiff's failure to put her employer on notice of her claims. Finally, the Court notes that the delay between the events complained of and the filing of suit in District Court totals over eleven years, as contrasted with a period of slightly under four years in *Rozen*.