**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**STAR TOOL AND DIE WORKS, INC., Production Painting, Inc., and Metro Machine Works, Inc., Defendants.**

Civ. A. No. 86–3271.

United States District Court, E.D. Michigan, S.D.

Dec. 17, 1987.

Diana Gilpatrick and Sandra Little, Systemic Litigation Service, E.E.O.C., Washington, D.C., Robert Dawkins, Trial Atty., E.E.O.C., Detroit, Mich., for plaintiff.

John Brady Dan Bretz and Liliana Ciccodicola, Paul Coughenour, Riley and Roumell, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, Senior District Judge.

On August 4, 1986, the Equal Employment Opportunity Commission (EEOC) filed a complaint alleging that Defendants engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964. More specifically, the com-

plaint alleged that, since at least January 17, 1967, Defendants engaged in a pattern and practice of employment discrimination by failing to hire blacks and women into hourly entry level and trainee positions, discriminating in the assignment of blacks, failing to hire Alice Aldape and Lena Marlowe because of their sex, failing to hire Diane Hawkins because of her sex and race, and retaliating against Alice Aldape and Lena Marlowe for filing charges with the EEOC. This complaint is based on charges initially filed by the three named women in January and February of 1979.

The matter is presently before the Court on Defendants' motion for summary judgment. In support of their motion, Defendants argue that the equitable doctrine of laches bars this discrimination action filed by the EEOC seven and one-half years after the individual charges of discrimination were filed. Defendants contend that the 7½ year delay is unreasonable and the delay has prejudiced their ability to defend this suit.

Before addressing the merits of Defendants' motion, the Court considers it appropriate to set forth the principles which must guide its decision whether to grant summary judgment. Rule 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving for summary judgment "bears the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor." *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir.1975); *See also United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). In ruling on a motion for summary judgment, the district court must view the evidence, and all reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Potters Medical Center v. The City Hospital Ass'n*, 800 F.2d 568 (6th Cir.1986).

The Eleventh Circuit summarized the application of the laches doctrine to Title VII suits as follows:

> Laches is an equitable doctrine designed to prevent unfairness to a defendant due to a plaintiff's delay in filing suit in the absence of an appropriate statute of limitations. In *Occidental Life Insurance Co. v. E.E.O.C.*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Court acknowledged procedural safeguards in EEOC regulations, but found it "possible that despite these procedural protections a defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action...." *Id.* at 373, 97 S.Ct. at 2458. The Court suggested that federal courts exercise their discretionary power "to locate 'a just result' in light of the circumstances peculiar to the case" in the event of an unexcused delay by the EEOC. *Id.*, citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424–25, 95 S.Ct. 2362, 2374–75, 45 L.Ed.2d 280 (1975).

*EEOC v. Dresser Industries, Inc.*, 668 F.2d 1199, 1201–1202 (11th Cir.1982). The courts have established a two prong test by which a claim of laches is evaluated. In order for a defendant to prevail on a claim of laches, the court must find both that there was inexcusable delay in bringing the suit and that this delay unduly prejudiced the defendant. *Id.* at 1202.

Both parties have submitted numerous affidavits, excerpts from depositions and other supporting documents. The following chronology of events is undisputed:

Jan.–Feb. 1979 Original charges filed by 3 women.

Mar. 1980 EEOC serves Commissioner's Charge

Mar. 1980 to Aug. 1981 Preparation and review of Final Investigative Report, Commissioner's Charge Amended and

Approved, and Commissioner's Charge decision served on defendants.

Sept. 1981–June 1983 Conciliation; defendants receive notice of failure of conciliation on Commissioner's Charge in Feb. 1983 and notice of failure of conciliation on individual charges in June 1983.

June 1983 to Mar. 1985 Preparation of first draft of Presentation Memorandum.[1]

Mar. 85–Apr. 1986 Review and Revision of presentation Memorandum

May 1986 Files transmitted from Detroit to Headquarters for litigation

Aug. 1986 Complaint filed in this Court

This brief overview of the handling of this case by the EEOC demonstrates the lengthy delays between the steps in the administrative process. The 4½ year delay between the filing of the original charges and the failure of conciliation is not so unreasonable under the circumstances of this case. The systemic case log submitted by the EEOC indicates that investigation was actively pursued through February 1983. Thus, during the time period from January 1979 to June 1983, there is no evidence of a lack of diligence on the part of Plaintiff. However, 21 months out of the next three years are "largely unexplained." Plaintiff's Brief p. 5. Actually, the record indicates that it took 21 months just to prepare a first draft of the presentation memorandum. In order to put this delay into its proper perspective, the EEOC's own compliance manual which sets forth case processing guidance recommends that a presentation memorandum be prepared within 30 days after issuance of a notice of failure of conciliation. The EEOC offers no explanation for the delay in the preparation of the presentation memorandum other than the EEOC's backlog of cases, shortage of manpower and turnover of attorneys. Such justifications have consistently been rejected by numerous courts and are rejected by this Court. See e.g., *EEOC v. Dresser Industries, Inc.,* 668 F.2d

1199 (11th Cir.1982); *EEOC v. Alioto Fish Co.,* 623 F.2d 86 (9th Cir.1980); *EEOC v. Massey–Ferguson, Inc.,* 622 F.2d 271 (7th Cir.1980); *EEOC v. Liberty Loan Corp.,* 584 F.2d 853 (8th Cir.1978).

The 21 month delay in the preparation of the presentation memorandum is aggravated by the relatively leisurely pace with which the memo was reviewed and a decision was rendered as to filing of the complaint. It took over a year and a half to review and revise the presentation memo and then file the complaint. It is patently evident that at some point in this lengthy process, a decision should have been made to give this case special attention in order to expedite the filing of the complaint. Additionally, Plaintiffs do not dispute Defendants' assertion that Defendants were not responsible for any of the delays after the failure of conciliation. This Court concludes that when over four years pass between the filing of original charges to notice of failure of conciliation of those charges and an additional unjustified three years and two months elapse before a complaint is filed, such delay is inexcusable and unreasonable.

In order to prevail on their claim of laches, Defendants must not only show unreasonable delay but also that the delay unduly prejudiced their ability to defend this suit. Defendants contend that they are unduly prejudiced by the delay because records have been lost, personnel changes have been made and witnesses are unavailable. The Court will address each of the alleged instances of prejudice.

The affidavits and other evidence submitted by the parties indicate that there is a factual dispute as to which party is at fault for the loss of certain records. For instance, Defendants' affidavits indicate that original employment applications were handed over to the EEOC but were never returned. However, the EEOC's affidavits and supporting letters indicate that these applications were returned to Defendants. Although there is a factual dispute as to

---

1. An attorney assigned to a case reviews the file and prepares a presentation memorandum ex-

plaining why the case warrants litigation.

the above-mentioned documents, there is no real dispute as to the loss of certain remaining documents.

In October of 1983 Star Tool and Production Painting closed their doors and sold their assets (Lowell Smith Affidavit, p. 2). The assets of Star Tool were sold to Hermes Automotive. Personnel and other records of Star Tool and Production Painting were stored in an office in the former Production Painting building now occupied by Hermes Automotive. (Id. at 3). Some of these records apparently have been inadvertently lost or destroyed by someone at Hermes Automotive. Only medical records and a portion of the earnings records of the former Star Tool and Production Painting employees remain. (Id.) As a result of the loss, Defendants contend they cannot determine names of some supervisory personnel, applicant flow data, dates when hiring was or was not being done, timing of vacancies and other critical information.

The EEOC argues that the loss of the above documents is not because of the delay in this case but is the result of Defendants' own negligent record retention practices. The EEOC has submitted no real evidence of negligence and does not contend that the loss was intentional. Apparently, the EEOC expects Defendants to guard their personnel records continuously for an indefinite period of time amounting to several years. The statute imposing a duty to retain records is not so burdensome. 29 CFR 1602.14(a). Defendants complied with their duty to retain records but, due to the lengthy delay by the EEOC and the interim sale of the business, those records were inadvertently lost. The EEOC has not shown that the lost documents or information can be obtained elsewhere and therefore, Defendants are unduly prejudiced by the delay.

Defendants are also unduly prejudiced because the delay has resulted in the unavailability of several important witnesses. Several persons have died during the interim delay. Among them are the Chief executive officer of Star Tool as well as seven of the putative victims of discrimination. Other persons are unavailable because they cannot be located. At least four supervisory personnel cannot be located and the EEOC admits that they are unable to confirm the addresses of 34 out of 71 putative victims. While it is difficult to imagine how the EEOC can establish a pattern and practice of discrimination when so few victims have been located, it is inconceivable that Defendants would be able to defend such charges under these circumstances. The lengthy delay in this case has compounded the difficulties of locating persons in this mobile society. Therefore, there is no genuine issue regarding the fact that the delay has unduly prejudiced Defendants' ability to defend this suit.

Accordingly, and for the above reasons, Defendants' motion for summary judgment is GRANTED. Defendants shall prepare an appropriate order.