[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

No. 09-16067
Non-Argument Calendar

_____

D. C. Docket No. 08-01139-CV-1-VEH

VIRGINIA STONE,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 17, 2010)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Virginia Stone, proceeding *pro se*, appeals the district court's grant of

summary judgment to her employer, the U.S. Postal Service, on her claim of employment discrimination based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a).  On appeal, Stone argues that the district court erred in concluding that the claims that she raised in a prior Equal Employment Opportunity Commission ("EEOC") proceeding, Case No. 4H-350-0171-01, were barred by the doctrine of laches.[1]  Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm.

## I.

"We review a district court's grant of summary judgment *de novo* . . . ." *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161 (11th Cir. 2006) (citation omitted).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  We view "the evidence in the light most favorable to the party opposing the motion."  *Brooks*, 446 F.3d at 1161–62 (citation omitted).

---

[1] The district court concluded that Stone's claims previously raised in EEOC Case No. 4H-350-0081-01 were barred by *res judicata*, and that her other claims were barred by her failure to exhaust administrative remedies.  Stone has not challenged those determinations in her opening brief, and, therefore, she has waived any appellate argument in that respect. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (noting that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").

II.

The Supreme Court has instructed that Title VII "employers may raise various defenses in the face of unreasonable and prejudicial delay" such as the affirmative defense of laches. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121–22, 122 S. Ct. 2061, 2077 (2002); *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 n.1 (11th Cir. 2002). "To apply laches in a particular case, the court must find both that the plaintiff delayed inexcusably in bringing the suit and that this delay unduly prejudiced defendants." *E.E.O.C. v. Dresser Indus., Inc.*, 668 F.2d 1199, 1202 (11th Cir. 1982) (citation and quotation omitted).

*A. Delay*

Stone argues that she did not inexcusably delay in bringing her suit because the Administrative Law Judge ("ALJ") did not place any restrictions on her ability to have her case reinstated. We find this argument unpersuasive.

The ALJ's order of dismissal instructed Stone to request reinstatement when she regained the ability to participate in the hearing process. *See* Doc. 2, Exh. B at 12. Stone's physician reported that she was fit to return to work as of December 2003, but Stone did not request reinstatement until December 2006. *See* Doc. 2, Exh. B at 12, 51. In the interim, Stone litigated a variety of legal matters, including two slip-and-fall cases in state court, a civil case arising out of an

3

automobile accident or an assault, an environmental class-action lawsuit, a compensation claim filed with the Department of Labor, and an application for Social Security disability benefits. *See* Doc. 21, Exh. 9 at 5–6, 8–15; Exhs. 10–12. Although Stone argues that she did not have significant personal involvement in any of those legal actions, the record reflects that Stone gave depositions in two of her state court cases. *See* Doc. 21, Exh. 10 at 2–3; Exh. 12 at 2–3. Based on the record, it appears that Stone's medical problems were no longer an impediment to her ability to participate in the EEOC hearing process. Because Stone waited nearly three years before seeking to have her administrative case reinstated without sufficient justification for the delay, we find that the first element of laches is satisfied.

*B. Prejudice*

We find that the second element of laches is also met. The record indicates that the Postal Service suffered prejudice from Stone's delay in pursuing her claims because one of its witnesses died in the intervening time period. *See* Doc. 21, Exh. 15 at 2; *see Dresser Indus.*, 668 F.2d at 1203 (noting that unavailability of a witness is a classic element of undue prejudice). Stone, however, asserts that the Postal Service should have sought to have her case reinstated if it had concerns about prejudice. Stone's argument is misplaced because the Postal Service was not

4

obligated to assert Stone's legal rights on her behalf.

IV.

Because Stone acted with unreasonable delay in seeking to have her administrative case reinstated, and because the delay prejudiced the Postal Service, the district court correctly concluded that Stone's claims based upon EEOC Case No. 4H-350-0171-01 were barred by the doctrine of laches. Accordingly, we affirm.

**AFFIRMED.**

5