OPINION
PAUL, Court of Appeals Judge.

I. BACKGROUND

Petitioner/Appellant Rebecca Crocker appeals the trial court’s August 3, 2015 order denying her appeal of an August 16, 2013 decision by the Tribal Council to ap *370 prove the Enrollment Committee’s recommendation to remove her from membership in the Confederated Tribes of the Grand Ronde Community of Oregon. The procedural background is detailed at length in the trial court’s order. Key points from that history will be recounted here for purposes of this Opinion.
Petitioner was notified in 2013, by letter, that an enrollment audit determined she was enrolled in another tribe when she was also enrolled at Grand Ronde. Order at 2. The records indicated she was enrolled with Siletz at the same time she was enrolled in Grand Ronde. Id. A series of hearings and communications occurred between Petitioner and Grand Ronde Enrollment Committee and staff. Id. at 2 to 6. Petitioner was represented by counsel and by herself during hearings before the Enrollment Committee and Tribal Council. Id. at 2, 4 and 5.
Petitioner began the process of enrolling in Grand Ronde between November 25 and December 3, 1985. Id. at 5. Her enrollment application stated that she was enrolled as a member of the Siletz Tribe. Id. Communications ensued regarding relinquishing her membership in the Siletz Tribe as a condition of enrollment in the Grand Ronde Tribe. Id. On February 24, 1986, petitioner was enrolled in Grand Ronde. Id. Communications also continued between the Siletz and Grand Ronde Tribes regarding Petitioner’s relinquishment from Siletz and enrollment in Grand Ronde. Id. Petitioner was notified of her enrollment in Grand Ronde, via letter dated February 26,1986. Three months after her enrollment in Grand Ronde, on June 2, 1986, Petitioner wrote a letter to Siletz stating “I plan to continue as a Siletz member. Please let Grand Ronde know of my decision_” Id. at 6 and 7. No relinquishment occurred at Grand Ronde. Id. at 7. Siletz removed petitioner from membership on June 14, 1986 due to dual membership. Id. She remained enrolled at Grand Ronde until her disenrollment in August 2013. SER—TAB 3, Page 28.

II ANALYSIS

Petitioner/Appellant raises several claims in her appeal, however we find that we need address only one of those claims to resolve this appeal.
In 1986, when Petitioner was enrolled as a member of the Grand Ronde Tribe, the Grand Ronde Constitution provided as follows with regard to membership:
Section 1. Requirements. The membership of the Confederated Tribes of the Grande Ronde Community of Oregon shall consist of all persons who are not enrolled as members of another recognized tribe, band or community.
Section 2. Dual Membership Prohibited. No person who is an enrolled member of any other organized tribe, band, or Indian community officially recognized by the Secretary of the Interior shall be qualified for membership in the Confederated Tribes of the Grand Ronde Community of Oregon, unless he or she has relinquished in writing his or her membership in such tribe, band or community.
Section 3. Ordinance. The Tribal Council shall ... enact an ordinance establishing procedures for processing membership matters, including but not limited to ... loss of membership.
Section 5. Loss of Membership. The Tribal Council shall by ordinance prescribe rules and regulations governing involuntary loss of membership. The reasons for such loss shall be limited exclusively to failure to meet the requirements set forth for membership in this Constitution.
*371 Grand Ronde Constitution, Article V (11/30/84).
Pursuant to those constitutional provisions an Enrollment Ordinance was adopted which specifies grounds for loss of membership:
Grounds. Enrollment Staff shall recommend to the Enrollment Committee the removal from the Tribal roll, of any person who becomes ineligible for membership because of enrollment in another federal recognized tribe, band or community or has been enrolled in error because he or she did not meet the requirements set forth for membership at the time of enrollment. Enrollment Ordinance, Section (i)(l).
This provision has been in effect since the ordinance was adopted on June 25, 1985.
Petitioner contends that she did relinquish her membership in the Siletz Tribe prior to being enrolled at Grand Ronde. However that contention is not supported by the record in this case and is belied by Petitioner’s statement in her June 2, 1986, letter to the Siletz Tribe stating that “I plan to continue as a Siletz member.”
Appellant contended below and contends here that her disenrollment is improper based upon equitable principles of estoppel and laches.
Appellant must come into equity with clean hands. Jicarilla Apache Tribe v. Andrus, 687 F.2d 1324, 1337 (10th Cir. 1982).
The defense of laches is based on notions of fairness. Equal Employment Opportunity Comm’n v. Dresser Indus., Inc. 668 F.2d 1199, 1202 (11th Cir.1982). The question of whether Appellant was treated fairly in this disenrollment process is rendered moot by the conclusion of this Court that Appellant presented her claim and appeal with ‘unclean hands.’ “The doctrine of unclean hands is an equitable defense in which a plaintiff is estopped from pursuing a claim where the plaintiff acted unfairly or fraudulently regarding the controversy in issue.” Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir.1985); Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water District et al., 2016 WL 2621301, Slip Copy at 2 (2016). An element of unclean hands “does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.” Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814-15, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). Appellant continued to challenge the decisions of the Enrollment Committee, Tribal Council and Tribal Court from 2013 to 2016, when the record shows she never relinquished her membership with Siletz and expressly stated in 1986 her intent to remain enrolled with Siletz. SER—Tab 3, Page 11. Equitable relief is not available to parties with unclean hands and Appellant’s seeking and securing membership in the Grand Ronde Tribe while Siletz Tribe and with knowledge that dual enrollment was not allowed renders her hands unclean.
Disenrollment of a member who was enrolled in error due to dual enrollment is proper. Beebe v. Confederated Tribes of Grand Ronde, Case No. C-12-07-002 (Grand Ronde Tribal Court, May 2, 2013).
AFFIRMED.
WE CONCUR: ROBERT J. MILLER and DOUGLAS NASH, Court of Appeals Judges.