**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

**and**

**Larice Cooper, Plaintiff-Intervenor,**

**v.**

**The FIRESTONE TIRE AND RUBBER COMPANY, International Union of the United Rubber, Cork, Linoleum and Plastic Workers of America, Local Union No. 887, United Rubber, Cork, Linoleum and Plastic Workers of America, Defendants.**

**Civ. A. No. 79–48–ALB.**

United States District Court,
M.D. Georgia,
Albany-Americus Division.

Oct. 29, 1985.

LaVerne S. Tisdale and William M. Outlaw, EEOC, Atlanta, Ga., for plaintiff.

Mary M. Young, Albany, Ga., for plaintiff-intervenor.

C. Daniel Karnes, Cleveland, Ohio, Glen D. Nager, Washington, D.C. and J. Lewis Sapp, Atlanta, Ga., for defendant Firestone.

George E. Barrett, Nashville, Tenn., Charles R. Armstrong, John G. DiPersia, Akron, Ohio and Del Percilla, Jr., Albany, Ga., for defendant Union.

## OPINION AND ORDER ON MOTION OF DEFENDANT FIRESTONE FOR SUMMARY JUDGMENT

ELLIOTT, District Judge.

This lawsuit was filed by the Equal Employment Opportunity Commission (EEOC) more than six years ago in July, 1979. It arose out of an investigation by EEOC of two charges of employment discrimination which were filed more than eleven years ago in August, 1974. In one charge a female applicant for employment alleged that she was denied employment at the Albany, Georgia, manufacturing plant of Firestone Tire and Rubber Company (Firestone) because of her sex. In the other charge a black employee at the plant claimed that he was discriminatorily disciplined by the company because of his race. Neither charge contained any allegations of class discrimination. Nevertheless, EEOC's complaint in this lawsuit alleged that Firestone and the Defendant Unions intentionally discriminated against females as a class and against black employees as a class. Subsequently, Larice Cooper, the black charging party, intervened as a Plaintiff in support of the discriminatory charge which he had made.

By motion for summary judgment Firestone asks that the Court dismiss this lawsuit as being barred by the doctrine of laches and/or by the failure of EEOC and the Plaintiff-Intervenor to prosecute the case diligently. There is no controversy concerning the basic material facts. Firestone has operated a tire manufacturing plant in Albany, Georgia, since 1968. Sometime prior to August 9, 1974, Janelle

Collins applied for employment at the plant. She was not hired and she subsequently filed a charge of employment discrimination with EEOC on or about August 9, 1974, alleging that the company had refused to hire her because of her sex.

Also, about this same time the company disciplined black employee Larice Cooper for stated reasons. He filed a charge of employment discrimination with the EEOC on or about August 12, 1974, alleging that the company had reprimanded him and suspended him because of his race.

Approximately thirty-three months after the charges had been filed EEOC finally served the company with copies of these two charges in May, 1977. Only then did EEOC request that Firestone provide it with information for evaluating the two charges. In July, 1977 EEOC issued a Letter of Determination finding "reasonable cause" to believe that the company had discriminated against Cooper. Over four months later, in December, 1977, EEOC issued a Letter of Determination finding "reasonable cause" to believe that the company had also discriminated against Collins. EEOC and the company then engaged in conciliation on the two charges. In February, 1978, EEOC notified the company that it would make no further efforts to conciliate either charge. Some eighteen months later, on July 9, 1979, EEOC filed this lawsuit against Firestone and the Defendant Unions.

The lawsuit filed by EEOC notified the company for the first time that EEOC intended to pursue class discrimination claims that extended beyond the individual cases of Collins and Cooper, EEOC claiming to represent a class of all females and blacks who had been employed or who had sought employment at any time since July, 1965, at the Albany facility. The company and the Defendant Unions answered the complaint denying the EEOC allegations and suggesting that the doctrine of laches barred the lawsuit.

During the next four years the parties carried on sporadic discovery, but by June, 1983, when the case had been pending for approximately four years, the Court noting that since no attempt had been made to bring the case on for trial directed the Clerk of the Court to close the file for statistical purposes, the Court stating, however, that the file could be reopened if it later appeared to be appropriate. The Court has had no occasion to concern itself with the case since the file was closed for statistical purposes more than two years ago. Now, however, Firestone apparently not being content that the case simply remain in limbo, has filed the motion for summary judgment above referred to.

Affidavits filed by Firestone in support of its motion show that if the company were now required to try this case after the passage of so much time it would encounter severe evidentiary problems. For example, the company's labor relations manager who had reviewed and approved all disciplinary actions during the pertinent time period was dismissed from his employment with the company last year, and in consequence has become a hostile witness in contrast with what could have been anticipated by the company if this case had gone to trial within a reasonable period of time. Similarly, the company's plant manager has also now been relieved of his duties and has become at least a problematic witness. It also appears that when representatives of the company recently attempted to contact three former employees who would have been key witnesses in the case it found that they would not be available as witnesses. Two of these former employees are now in a condition of poor health or advanced age and find it difficult to remember the events of eleven years ago and one of the employees simply cannot be located.

█ It is, of course, obvious that EEOC delayed unreasonably in filing its complaint in this case. Collins and Cooper filed their charges in August, 1974, and EEOC waited almost three years before even serving Firestone with copies of those charges and commencing its investigation of them. Furthermore, EEOC delayed several more months before issuing its reasonable cause

determinations, then after conciliation failed EEOC took almost eighteen more months to file suit. Thus, five full years passed between the filing of the underlying charges and the filing of the lawsuit. The Court views such delays as inexcusable and unreasonable.

The Court of Appeals for the Eleventh Circuit found delays of almost identical length to be prima facie unreasonable in what is regarded as the leading laches case in this circuit. See *EEOC v. Dresser Industries, Inc.*, 668 F.2d 1199 (11 Cir.1982). In many other cases too numerous to require citation the Federal Courts have uniformly found such delays by EEOC to be unreasonable.

■ The Court recognizes that the mere passage of time does not alone establish a laches defense because the Defendant must also show that the unreasonable delay has created substantial prejudice to the defense.

■ Here the company's personnel have changed and its key witnesses are therefore unavailable. Some of them who could have been anticipated to be favorable witnesses if the case had been brought on for trial within a reasonable time have now become hostile to the company because of their intervening discharge by the company, and advancing age and poor health conditions have made it impossible for other witnesses to recall with clarity the events which would be the subject of investigation, and one witness cannot even be located. These facts clearly prejudice Firestone in defending this action. The unavailability of these witnesses would be especially damaging to the company's defense in this particular case because Collins and Cooper, the original charging parties, allege that company officials were motivated by discriminatory intent, and obviously, the company needs the live and accurate testimony of the accused managers who made the decisions to combat these charges. No records or substitute testimony can offset the prejudice that the company suffers when these witnesses cannot effectively testify.

Further, because EEOC waited five years to initiate this action the company is without many relevant records which it might have substituted for at least portions of the unavailable testimony. This is true because until EEOC filed this case as a class action the company had no reason systematically to retain employment applications or information about applicants and employees other than Collins and Cooper. That places the company at a significant handicap and arranges its defenses to EEOC's classwide hiring discrimination. Certainly such a handicap supports a laches defense. In this connection see *EEOC v. Dresser Industries, Inc.*, 668 F.2d at 1203–04, and *EEOC v. Alioto Fish Company*, 623 F.2d 86 at 88 (9 Cir.1980).

Finally, if EEOC had litigated these matters in a timely fashion the company's potential liability would have ceased accruing several years ago. Instead, the delay in this case has substantially and unfairly enlarged the company's potential back pay liability and this increased monetary liability which is attributable solely to the EEOC delay constitutes an additional element of prejudice supporting dismissal of the suit. *EEOC v. Dresser Industries, Inc., supra; EEOC v. Alioto Fish Company, supra.* As a matter of fact, during the intervening years the company has been paying other individuals to perform the jobs for which EEOC is now asserting claims for back pay.

It is the Court's view that this case is a perfect example of the delay which can undermine the policies and purposes of Title VII and that dismissal of the case on the ground of laches is appropriate. The Court does not discern any competing equities on the side of EEOC because the prejudicial delay is due entirely to EEOC's handling of the Collins and Cooper charges. The Court, therefore, concludes that laches bars this suit.

■ Even if EEOC's 60 month delay in filing its complaint did not require dismissal, its over 73 month delay in prosecuting the action would dictate that such dismissal

is proper. Rule 41(b) of the Federal Rules of Civil Procedure requires dismissal of an action where there is a clear record of delay and a finding that lesser sanctions will not suffice. It is the Court's view that both conditions are clearly satisfied in the circumstances of this case and the Court of Appeals of this Circuit has instructed that the District Courts properly can dismiss with prejudice the lawsuits of plaintiffs who allow such lengthy periods of time to pass without affirmatively prosecuting their cases. See *Jones v. Graham,* 709 F.2d 1457 (11 Cir.1983).

The Court notes that in resisting the Defendants' motion for summary judgment EEOC contends that settlement negotiations were going on between the parties which contributed to the delay. The pendency of settlement negotiations obviously is an acceptable excuse for some delay in a plaintiff's prosecution of its case, but the pendency of negotiations is not an excuse where the delay is unreasonably long (a period of years in this case), or if it continues after it is apparent that the negotiations would not be fruitful. See *Jones v. Graham, supra.* It is clear in this case that some negotiations were going on but they had been dragged out over a period of four years and the negotiations were obviously "getting nowhere" because the last proposal made by EEOC to the Defendant company demanded a greater amount in settlement than the first proposal made years earlier, and the first proposal had long since been rejected by the company.

The Court recognizes that dismissal of an action for want of prosecution is a sanction which should be applied only in extreme circumstances and that it must appear that lesser sanctions would not suffice before an action can be dismissed with prejudice. *Jones v. Graham, supra.* In this case the Court makes the specific finding that we have here the requisite extreme circumstances which would justify dismissal of the Plaintiff's complaint and that lesser sanctions would not suffice, because of EEOC's inattention to the case and the concomitant prejudice to the company, all of which have been hereinabove outlined. In this case alternative sanctions such as giving a warning, or issuing a reprimand, or placing the case at the bottom of the calendar, would simply not suffice. Indeed, the Court determines that this is precisely the type of case in which Rule 41(b)'s harsh remedy of dismissal is distinctly appropriate.

For the same reasons heretofore discussed, the doctrines of laches and want of prosecution bar Plaintiff-Intervenor Cooper's claims as well. Arguably, Cooper was entitled to await completion of EEOC's administrative process before taking any action on his own, but that long delayed process ended in February, 1978, when EEOC abandoned its conciliation efforts. Cooper's decision not to file suit during the next 28 months and to delay intervening for another 9 months after EEOC itself filed suit was unreasonable. See *Boone v. Mechanical Specialties Co.,* 609 F.2d 956 (9 Cir.1979). Furthermore, Cooper has not taken *any* steps toward prosecution of his claims since being allowed to intervene more than five years ago. See *Jones v. Graham,* 709 F.2d at 1462. Since key witnesses and records are unavailable to the company prejudice has arisen and lesser sanctions will not suffice. Succinctly stated, the equities strongly favor dismissal of Plaintiff-Intervenor's case on grounds of laches and want of prosecution.

For all of the reasons hereinabove discussed, the Court concludes that the doctrine of laches and the want of prosecution by EEOC and the Plaintiff-Intervenor requires that this action be dismissed with prejudice in its entirety. The Defendant's motion for summary judgment is granted and judgment will be entered accordingly.