EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

JACKSONVILLE SHIPYARDS, INC., Defendant.

No. 86–826–Civ–J–12.

United States District Court, M.D. Florida, Jacksonville Division.

June 23, 1988.

Louis Foster–Steers, E.E.O.C., Miami, Fla., for plaintiff.

William H. Andrews, Robert G. Riegel, Jr., Jacksonville, Fla., for defendant.

## ORDER

MELTON, District Judge.

This cause is before the Court on several motions filed by the parties. The Court will address each motion in turn and announce the Court's ruling thereon.

### I. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING LIABILITY PRIOR TO 1982

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed its Motion for Partial Summary Judgment on November 12, 1987. The motion seeks relief on two issues raised by defendant's affirmative defenses and one issue raised by the destruction of records relevant to this lawsuit. Defendant's memorandum in opposition to the motion, filed herein on November 27, 1987, concedes the two affirmative defense issues and proposes to withdraw those de-

fenses. The Court therefore will enter partial summary judgment in favor of EEOC on those issues, establishing that the charges filed by charging parties Samuel Green ("Green") and James Crittenden ("Crittenden") were timely filed and that EEOC fulfilled its obligation to attempt conciliation of the charges prior to filing suit.

The parties vehemently dispute the appropriate resolution of the third issue, which concerns the consequences to be attached to defendant's destruction of certain records that defendant was required to maintain pursuant to 29 C.F.R. § 1602.14(a). EEOC characterizes the destruction of records as "willful" and seeks, as a sanction against defendant, summary judgment on the issue of liability for the period covered by the destroyed records. In response, defendant maintains that EEOC has no basis in fact to claim that the destruction of records was willful, that the destruction of records was in fact inadvertent, that the information contained in the destroyed records is available from other sources, and that EEOC's requested sanction has no basis in law. Defendant seeks sanctions against EEOC over the motion for summary judgment. The Court will resolve that motion separately, but the memoranda filed on that matter also inform the present determination on the motion for partial summary judgment.

The basic facts are not in dispute. On October 24, 1979, EEOC sent a Notice of Charge to defendant, with a copy of the charge, in the matter of charging party Crittenden. This Notice of Charge contained a prominent admonition regarding 29 C.F.R. § 1602.14, stating that the regulation "requires the preservation of all personnel records relevant to this charge until a final disposition of this charge is made...." This process was repeated on October 20, 1980, in the matter of charging party Green. According to the affidavit of John Stewart ("Stewart"), defendant's Manager of Industrial Relations, the records at issue, defendant's so-called Change of Status Sheets, were destroyed approximately four or five years following the filing of the charges. Stewart also

avers that the records were not destroyed in contemplation of the prospect of this lawsuit; rather, he believes that the destruction was inadvertent, in the course of making room for other records.

Defendant argues that loss of the Change of Status Sheets does not prejudice EEOC because the information can be reconstructed from other records. The Court's review of the relevant documents reveals that the Change of Status Sheets uniquely format certain information in a fashion that facilitates comparative analysis of trends in promotions. While other records contain the same factual material, reconstruction of the format would impose a burden on EEOC. Moreover, EEOC alleges—and defendant does not dispute—that significant gaps are present in the other records. The Court finds that EEOC is prejudiced by the destruction of the records. The question squarely presented is whether this prejudice warrants the ultimate sanction of directing summary judgment on the liability issue for the relevant time period.

 Prior to the selection of sanction, if any, the Court notes the source of its authority. Defendant challenges the Court's power to impose sanctions pursuant to Fed.R.Civ.P. 37. EEOC agrees that Rule 37 does not directly apply, but insists that the rule is a guide for the exercise of the Court's inherent authority to deal with discovery abuses. The Court agrees with EEOC's analysis. Conduct of the kind which ordinarily would be sanctionable under Rule 37, but falls outside the express terms of the rule, can be sanctioned by proper exercise of this Court's inherent powers. *E.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–65, 65 L.Ed.2d 488 (1980) (attorney fees); *Telectron, Inc. v. Overhead Door Corp.,* 116 F.R.D. 107, 126–28 (S.D.Fla. 1987) (dismissal of suit); *United States v. American Telephone & Telegraph Co.,* 86 F.R.D. 603, 656 (D.D.C.1980) (costs of search for and production of documents); *see Donaldson v. Clark,* 819 F.2d 1551, 1557 n. 6 (11th Cir.1987) (distinguishing inherent powers of court from Rule 11

sanctions); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1446–47 (11th Cir. 1985) (recognizing existence of inherent powers). Although Rule 37 does not apply by its terms, the Court looks to that rule as a guide to determine the proper level of response to defendant's offense. *See Telectron, Inc.*, 116 F.R.D. at 128; *United States v. Moss–American, Inc.*, 78 F.R.D. 214, 216 (E.D.Wis.1978); 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2282, at 758 (1970). This reliance on the principles of Rule 37 is particularly appropriate in the light of the conduct at issue. Defendant destroyed records for which it was on notice that it had a legal duty to preserve, and that duty is imposed, in part, to ensure that those records are available for litigation of a discrimination charge. *See Rozen v. District of Columbia*, 702 F.2d 1202, 1204 (D.C.Cir.1983). Rule 37 deals with similar conduct when the legal duty to preserve evidence is imposed in the course of a lawsuit. *See Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443, 1455 (C.D.Cal.1984). The present case logically extends Rule 37 principles to the situation in which the legal duty to preserve evidence arises by force of administrative regulation prior to the commencement of a lawsuit. Two of the policies underlying Rule 37—the elimination of profit from failure to comply with the legal duty to preserve evidence and the general deterrent effect that sanctions for an offense will have on the instant case and on other litigation, *see Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir.1982), *cert. denied*, 460 U.S. 1040, 103 S.Ct. 1433, 75 L.Ed.2d 792 (1983); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979)—particularly justify the Court's decision to extend Rule 37 principles to the present case. Encouraging compliance with the administratively imposed duty to preserve evidence in pending discrimination complaints shares these common goals with Rule 37 and therefore the Court should exercise its inherent powers to reach the case in which evidence is destroyed prior to trial in violation of 29 C.F.R. § 1602.14.

Application of Rule 37 principles, however, works in opposition to EEOC's motion for partial summary judgment. EEOC effectively seeks a limited default sanction to redress the loss of the Change of Status Sheets. The Court must decline to impose this extreme sanction. The default sanction under Rule 37 is a last resort, to be ordered only if noncompliance is due to willful or bad faith disregard of court orders which cannot reasonably be expected to be remedied by lesser but equally effective sanctions. *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1542–43 (11th Cir. 1985); *Telectron, Inc.*, 116 F.R.D. at 134–37. Although the Court believes that failure to insure the preservation of records after receiving official notice is "willful" behavior, *cf. Wm. T. Thompson Co.*, 593 F.Supp. at 1455, the law of this Circuit demands a greater record of intransigence to justify the default sanction. *See Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir.1986) (clear record of delay or contumacious conduct by party necessary to justify dismissal or default sanction); *see also Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1566 (11th Cir.) (court must make finding of bad faith resistance to discovery orders and indicate on record that less severe sanctions than dismissal were considered and rejected), *cert. denied*, —— U.S. ——, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986). Additionally, the Court perceives that lesser sanctions may effectively remedy the prejudice suffered by EEOC. In particular, if defendant is correct in asserting that the lost records can be reconstructed, then the appropriate remedy is to require that defendant bear the cost and burden of accurately reconstructing the records. *Cf. United States v. American Telephone & Telegraph Co.*, 86 F.R.D. 603, 657 (D.D.C.1980). Since some evidence is available on the relevant issue, the Court also could limit defendant's production of evidence in opposition to EEOC's presentation, *see EEOC v. Troy State University*, 693 F.2d 1353, 1358 (11th Cir. 1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983), and equitably

adjust the level of proof necessary to demonstrate discrimination, *Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1419 (10th Cir. 1987) (granting presumption to plaintiff that records destroyed in violation of 29 C.F.R. § 1602.14 would support her case).

The Court need not decide precisely what sanction is appropriate at this time. If defendant does not come forward with an accurate reconstruction of the destroyed records, then plaintiff may seek an appropriate sanction prior to trial. Accordingly, the Court will deny EEOC's motion for partial summary judgment without prejudice to a subsequent motion for a lesser sanction at a time nearer to the trial date.

## II. DEFENDANT'S MOTION FOR SANCTIONS UNDER RULES 11 & 56(g)

Defendant filed its Motion for Sanctions Under Rules 11 & 56(g) on November 25, 1987. EEOC filed a memorandum in opposition on December 10, 1987. Defendant requests sanctions against EEOC, claiming that EEOC's third ground for partial summary judgment lacked factual or legal basis, and that EEOC did not adequately investigate its claim before filing the motion. The Court, however, is of the opinion that EEOC's motion was well-taken. Accordingly, defendant's motion will be denied.

## III. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING LACHES

EEOC's Motion for Partial Summary Judgment regarding the affirmative defense of laches was filed herein on December 21, 1987. Defendant filed a memorandum in opposition to the motion and its Motion for Summary Judgment regarding the same issue on January 7, 1988. EEOC filed a memorandum in opposition to defendant's motion on January 25, 1988. By leave of the Court defendant filed an additional memorandum on April 29, 1988. EEOC filed its memorandum in opposition to defendant's supplemental memorandum on May 16, 1988. EEOC seeks to bar as-

sertion of the laches defense; defendant seeks summary judgment on the case based on that defense.

The legal standard for the equitable defense of laches is straightforward. "To apply laches in a particular case, the court must find both that the plaintiff delayed inexcusably in bringing the suit and that this delay unduly prejudiced defendants." *EEOC v. Dresser Industries, Inc.,* 668 F.2d 1199, 1202 (11th Cir.1982). EEOC initially relied solely on the absence of any prejudice to defendant which was attributable to delay in the filing of this suit. EEOC subsequently added its explanation why the delay was not inexcusable. The Court will address both issues.

It is undisputed that EEOC did not file this suit until almost six years and ten months after the filing of Crittenden's charge and almost five years and ten months after the filing of Green's charge. Because this time period is lengthy, the Court must scrutinize carefully the justifications proffered by EEOC. *See id.* at 1202–03 & n. 9. In doing so, the Court looks to the more recent charge as the key date, since the two dates are relatively close in time and suggest EEOC's need to proceed more systematically. *See EEOC v. Great Atl. & Pac. Tea Co.,* 735 F.2d 69, 82 (3d Cir.) (equitable time bar should be measured from latest-filed individual charge), *cert. dismissed,* 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984). Moreover, the Court recognizes the need to look to the facts of the case to determine reasonableness rather than simply declaring a per se rule. *See EEOC v. Liberty Loan Corp.,* 584 F.2d 853, 857 (8th Cir.1978). Finally, the underlying facts do not appear to be in dispute, so the legal interpretation of these facts may appropriately be accomplished on the present motions for summary judgment. *Great Atl. & Pac. Tea Co.,* 735 F.2d at 81; *EEOC v. Indiana Bell Tel. Co.,* 641 F.Supp. 115, 117 (S.D.Ind.1986).

Several key undisputed facts suggest that the delay in this case is not inexcusable. EEOC promptly notified defendant when the charges were filed, including a copy of the charge in the notice. A hiatus

of approximately two years appears from 1980 to 1982, but another federal agency conducted an audit at that time. At the end of 1982 EEOC contacted defendant regarding an on-site investigation and made document requests. Document analysis was conducted in 1983, following receipt of the requested materials. Apparently, large parts of 1983 were consumed by attempts to meet with the charging parties. An on-site investigation was scheduled and completed in 1984. Additional document requests also were made in 1984. EEOC conducted an exit interview with defendant in early 1985. The case files went to EEOC's legal unit in 1985; conciliation was attempted but failed. This suit was filed in July 1986.

The Court finds that the delay between the filing of the charges of discrimination and the filing of this lawsuit is not inexcusable. EEOC has exhibited a continuing interest in the pursuit of the discrimination charges and this interest was repeatedly communicated to defendant. The one significant period of inactivity, from 1980 to 1982, arose from EEOC's deferral to an audit conducted by another federal agency. Interagency cooperation should not be penalized by shortsighted application of equitable doctrines. EEOC acted reasonably when it awaited the results of this audit in lieu of duplicating another agency's investigation into defendant's practices. *Cf. United States v. Bagnell*, 679 F.2d 826, 837 n. 12 (11th Cir.1982) (twenty-six month delay in criminal indictment to allow national investigation to proceed uninhibited was "manifestly proper"), *cert. denied*, 460 U.S. 1047, 103 S.Ct. 1449, 75 L.Ed.2d 803 (1983); *EEOC v. National City Bank*, 694 F.Supp. 1287, 1291–92 (N.D.Ohio 1987) (viewing cooperation between EEOC and another federal agency as "the most sensible approach," although facts of case did not support claim by EEOC that it deferred due to cooperation). Moreover, the Court views the delay coincident with another agency's investigation as distinct and severable from the remaining time. *Cf. Indiana Bell*, 641 F.Supp. at 117–20 (excusing forty-four month delay attributable to national settlement efforts). The remaining four years plainly reflect diligence on EEOC's part in the pursuit of the underlying charges.[1]

▪ Additionally, the Court finds no "prejudice" resulting from EEOC's delay in bringing this matter to court. The instant case has an important characteristic which distinguishes it from cases in which prejudice has been found. In this case EEOC promptly informed defendant of the pending charges of discrimination. In contrast, prejudice has been found when significant delays existed between the filing of the charge and the provision of notice of the charge to the affected employer. *See Cleveland Newspaper Guild v. Plain Dealer Publishing Co.*, 839 F.2d 1147, 1154 (6th Cir.1988) (four year delay), *petition for cert. filed*, 56 U.S.L.W. 3837 (U.S. May 11, 1988); *Dresser Indus.*, 668 F.2d at 1202 (two and one-half year delay); *EEOC v. Alioto Fish Corp.*, 623 F.2d 86, 87–88 (9th Cir.1980) (nine month delay, although fifteen months elapsed before receipt of notice which named charging party); *EEOC v. Firestone Tire & Rubber Co.*, 626 F.Supp. 90, 93 (M.D.Ga.1985) (three year delay); *Fridy v. Moultrie*, 595 F.Supp. 34, 35–36 (D.D.C.1984) (eleven year delay); *EEOC v. Martin Processing, Inc.*, 533 F.Supp. 227, 228–29 (W.D.Va.1982) (eleven month delay, although court found twenty-seven months elapsed before notice actually received). This difference is dispositive of the issue of prejudice. Prompt notice alerted defendant to the possibility of an enforcement suit and gave it an opportunity to gather and preserve evidence in anticipation of a court action. *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 372, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977). Because defendant had prompt notice it "could have maintained its records and taken testimony of key employees in anticipa-

---

**1.** In so finding, the Court does not accept or endorse EEOC's claim that its workload merits consideration as a reason to excuse delay. *See Liberty Loan*, 584 F.2d at 857 n. 6; *EEOC v. Bray Lumber Co.*, 478 F.Supp. 993, 997 (M.D.Ga. 1979); *EEOC v. Bell Helicopter Co.*, 426 F.Supp. 785, 793 (N.D.Tex.1976).

tion of the ensuing litigation." *Howard v. Roadway Express, Inc.*, 726 F.2d 1529, 1533 (11th Cir.1984). Any prejudice asserted by defendant which is attributed to destroyed records or lapsed memories, then, may not be attributed to EEOC's delay.[2] *See id.* at 1534. The laches defense is unavailable for that reason: "A party cannot assert the defense of laches merely because it has failed to preserve evidence despite knowledge of a pending claim." *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1257 (5th Cir.1979), *aff'd on other grounds*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

Finding neither inexcusable delay nor prejudice, the Court will grant EEOC's motion for partial summary judgment and deny defendant's motion for summary judgment. In doing so, the Court reserves the question whether EEOC's delay ine-

quitably increased defendant's backpay liability. That question should not be answered prior to receipt of proof on the issue of remedy. *See Occidental Life*, 432 U.S. at 373, 97 S.Ct. at 2458; *Great Atl. & Pac. Tea Co.*, 735 F.2d at 84–85; *EEOC v. American National Bank*, 574 F.2d 1173, 1174–75 (4th Cir.1978), *cert. denied*, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982).

Accordingly, it is

ORDERED AND ADJUDGED:

1. That plaintiff's Motion for Partial Summary Judgment filed herein on November 12, 1987, is hereby granted as to defendant's Affirmative Defenses "A" and "B" and is hereby denied as to defendant's liability for the period 1979—1981;

2. That summary judgment is hereby entered in favor of plaintiff on defendant's

---

**2.** Defendant originally cited four categories of prejudice: (1) important witnesses no longer employed by defendant, including those deceased; (2) diminished memories; (3) significant employee turnover; (4) increased backpay liability. Even if the Court looked beyond defendant's culpability in not preserving evidence after notice of the charges, these claims of prejudice would not alter the disposition of the present motions. The mere fact that witnesses have left defendant's employ is insufficient to constitute prejudice. *Great Atl. & Pac. Tea Co.*, 735 F.2d at 84; *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1257 (5th Cir.1979). Regarding those witnesses who are now deceased, defendant does not proffer their significance nor any proof that they were alive at a time during which this action would have been tried if EEOC had proceeded more rapidly. *Cf. Bernard*, 596 F.2d at 1257–58 (refusing to find prejudice when "irreplaceable" knowledge of deceased supervisors was "irreplaceable" only because of defendant's negligence in preserving alternate sources of information). The diminution of witnesses' memories likewise has not been linked to the particular length of time alleged to be inexcusable delay. *See EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271, 280–81 (7th Cir.1980). Instead, the depositions of these witnesses indicate that "it is unlikely that [they] would have independent memories of the critical events no matter how soon the action had been filed." *EEOC v. C.W. Transport, Inc.*, 658 F.Supp. 1278, 1293 (W.D.Wis.1987). Defendant's argument regarding employee turnover simply serves to affirm this observation. The backpay liability question may have merit as a reason to limit any backpay award, but it does not justify summary judgment against EEOC.

In its supplemental memorandum defendant additionally asserts that EEOC destroyed doc-

uments concerning related charges of discrimination filed by defendant's employees or former employees. The Court agrees with EEOC's argument that defendant is untimely in asserting this prejudice claim. The Court further observes that defendant's cited cases do not support the prejudice claim. Only one of those cases, *Garrett v. General Motors Corp.*, 844 F.2d 559 (8th Cir.1988), deals with the destruction of documents by EEOC. In that case, however, the documents in question went to the inexcusable delay aspect of laches, not the prejudice aspect. Because EEOC destroyed the documents, the defendant was unable to establish whether the plaintiff received notice of his right-to-sue much earlier than he claimed. *See id.* at 561–62. The prejudice aspect arose from the defendant's loss of a statute of limitations defense. *See Garrett v. General Motors Corp.*, 657 F.Supp. 1273, 1276–77 (E.D.Mo.1987), *aff'd*, 844 F.2d 559 (8th Cir. 1988). In contrast, defendant here cannot suggest a dispositive defense which became unavailable due to EEOC's destruction of documents. Defendant speculates as to the value the destroyed documents may have; however, defendant has not demonstrated the unavailability from other sources of the essential information contained in the documents. Moreover, at least one claim of prejudice, the estoppel argument, does not begin to address the complex issues surrounding the heavy burden of invoking estoppel against the government. *See Heckler v. Community Health Servs.*, 467 U.S. 51, 60–61, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). Finally, the destruction of records by EEOC is more appropriately treated as the kind of discovery issue addressed *supra* Part I. *See Troy State Univ.*, 693 F.2d at 1358.

Affirmative Defense "A", concerning timeliness of the charging parties' discrimination charges, and Affirmative Defense "B", concerning conciliation efforts by plaintiff;

3. That defendant's Motion for Sanctions Under Rules 11 & 56(g) is hereby denied;

4. That plaintiff's Motion for Partial Summary Judgment filed herein on December 21, 1987, is hereby granted;

5. That summary judgment is hereby entered in favor of plaintiff on defendant's Affirmative Defense "D", concerning laches; and

6. That defendant's Motion for Summary Judgment filed herein on January 25, 1988, is hereby denied.