**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**JACKSONVILLE SHIPYARDS, INC., Defendant.**

No. 86–826–Civ–J–12.

United States District Court,
M.D. Florida,
Jacksonville Division.

Sept. 23, 1988.

Louis Foster–Steers, Miami, Fla., for plaintiff.

William H. Andrews and Robert G. Riegel, Jr., Jacksonville, Fla., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT AS TO CERTAIN AFFIRMATIVE DEFENSES, ETC.

MELTON, District Judge.

This cause is before the Court on the Motion for Partial Summary Judgment by plaintiff Equal Employment Opportunity Commission ("EEOC"), filed herein on March 14, 1988. Defendant Jacksonville Shipyards, Inc. ("JSI") responded with a memorandum in opposition to the motion, filed herein on March 28, 1988. Plaintiff additionally filed a Notice of Supplemental Authority on July 12, 1988. EEOC's motion addresses five issues raised by JSI as affirmative defenses. The Court will address each issue in turn.

### 1. Deferral to local agency.

█ JSI's Affirmative Defense "F" alleges that this action cannot proceed because EEOC did not properly defer to the Jacksonville Equal Opportunity Commission ("JEOC"), an authorized "deferral" agency within the framework established by 42 U.S.C. § 2000e–5(c). EEOC relies upon a worksharing agreement executed between it and JEOC and JEOC's waiver of initial processing of the charges, pursuant thereto. JSI claims that EEOC cannot rely upon the worksharing agreement to establish that JEOC relinquished jurisdiction over the underlying charges in this action. JSI's view has been rejected, and EEOC's view adopted, by the Supreme Court in *EEOC v. Commercial Office Products Co.*, —— U.S. ——, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988). The Court therefore will grant summary judgment in favor of EEOC on JSI's Affirmative Defense "F".

### 2. Estoppel Effect of Prior EEOC Determinations.

JSI's Affirmative Defense "G" alleges that EEOC is estopped from pursuing this action on behalf of some of the parties. This alleged estoppel relies upon two earlier proceedings, EEOC's own reasonable cause determinations on some charges and a private lawsuit which alleged a pattern and practice of discrimination in promotions by JSI. The second proceeding will be addressed in the next section of this order; the estoppel effect of prior EEOC determinations is the present issue.

█ The application of estoppel against EEOC involves an examination of the agency's role in vindicating charges of discrimination in the private sector. "When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *General Tel. Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980) (footnote omitted). EEOC fills two roles, one as representative of the charging parties and another as guardian of the public interest. *Cf. Bernard v. Gulf Oil Co.*, 619 F.2d 459, 477 (5th Cir.1980)[1] (en banc) (noting divergence of interests in some instances), *aff'd*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). Because of its representative role, the defense of laches is sometimes available against EEOC[2] although laches is not available against the United States when it is acting in its sovereign capacity to enforce a public right or protect the public interest. *See United States v. Killough*, 848 F.2d 1523, 1526 (11th Cir.1988); *United States v. Popovich*, 820 F.2d 134, 136 (5th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). EEOC's public interest role encompasses *inter alia* administrative processing of charges of discrimination. *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 368, 97 S.Ct. 2447, 2455, 53 L.Ed. 2d 402 (1977). It was in the public interest role that EEOC made the determination of "no reasonable cause."[3] It would defy the

---

1. The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2. Of course, that defense is not available as a matter of fact in this case. *See EEOC v. Jack-sonville Shipyards, Inc.,* 690 F.Supp. 995, 999–1001 (M.D.Fla.1988).

3. EEOC's public interest role is quinessentially the kind of sovereign activity which is not subject to estoppel. *See Cox v. Kurt's Marine Diesel,* 785 F.2d 935, 936 (11th Cir.1986); *FDIC v. Harrison,* 735 F.2d 408, 411 (11th Cir.1984). In fact,

logic of the statutory scheme (as well as common sense) to bar EEOC in its representational role on the basis of its actions in its public interest role.

 The plainest proof of this proposition is produced by peering at private suits proceeding after EEOC's no reasonable cause determinations. The absence of a finding of reasonable cause does not bar a suit in federal court, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798–99, 93 S.Ct. 1817, 1822–23, 36 L.Ed.2d 668 (1973), although this fact may be admissible as evidence of lack of discrimination, *Chandler v. Roudebush*, 425 U.S. 840, 863 n. 39, 96 S.Ct. 1949, 1961 n. 39, 48 L.Ed.2d 416 (1976). Moreover, EEOC's reasonable cause determination is not an adjudication of rights and liabilities; indeed, it is a nonadversary proceeding designed to notify an employer of EEOC's findings which is not reviewable in court and not binding on the employer. *See, e.g., EEOC v. KECO Indus., Inc.*, 748 F.2d 1097, 1100–01 (6th Cir. 1984). Subsequent trial of a charge pursued by EEOC is always *de novo*.[4] *McDonnell Douglas*, 411 U.S. at 799, 93 S.Ct. at 1822. In the light of this treatment accorded EEOC's reasonable cause determinations in both private and EEOC suits, the Court concludes that a finding of no reasonable cause does not estop EEOC from subsequently including a charge within a larger pattern and practice class action suit.[5]

The Court will enter summary judgment in favor of EEOC on JSI's Affirmative Defense "G" as to estoppel resulting from prior EEOC reasonable cause determinations. This ruling expresses no opinion on the admissibility of those determinations as evidence of lack of discrimination.

### 3. *Estoppel Effect of* Porter *Case.*

JSI's Affirmative Defense "G" also apparently embraces a claim of collateral estoppel arising from a private lawsuit brought by at least two class claimants in this suit, *Porter v. Jacksonville Shipyards, Inc.*, Case No. 78–117–Civ–J–JHM, *dismissed with prejudice by joint stip.* (M.D.Fla., Apr. 2, 1982). EEOC frames the issue as one of res judicata; JSI eschews that doctrine in favor of a collateral estoppel effect of those facts necessarily decided in the earlier litigation. Because EEOC seeks summary judgment on the defense JSI plans to assert, the Court addresses only the collateral estoppel argument. JSI's representation regarding res judicata expressly waives that doctrine as an element of JSI's Affirmative Defense "G".

To apply collateral estoppel doctrine in this case, the Court must resolve two issues: (1) Is EEOC bound to any extent by any determinations made in a prior private suit under Title VII?; (2) if so, did the voluntary dismissal with prejudice in *Porter* necessarily determine any issues present in this suit?

 In answer to the first question, JSI offers no argument. The Court finds no reason or basis in law to extend an issue preclusion effect against EEOC for any matters determined in a prior private lawsuit. EEOC was not a party to the earlier suit. Its interests were not represented by the parties therein. Collateral estoppel doctrine cannot apply under those circumstances. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 7, 99 S.Ct. 645, 649 n. 7, 58 L.Ed.2d 552 (1979) (due process offended); *In re Birmingham Reverse Discrimination Employment Litig.*, 833 F.2d 1492, 1498–99 (11th Cir.1987) (nonparties to consent decree not collaterally estopped), *cert. granted sub nom. Martin v. Wilks*, — U.S. ——, 108 S.Ct. 2843, 101 L.Ed.2d 881 (1988); *compare Barber v. International Bhd. of Boilermakers*, 778 F.2d 750 (11th Cir.1985) (collateral estoppel

EEOC may formally reconsider reasonable cause determinations if it so chooses. *See* 29 C.F.R. § 1601.21 (1987).

**4.** Judicial estoppel is not available for this reason, given the additional facts developed since the reasonable cause determinations. *Cf. Wade*

*v. Dole*, 631 F.Supp. 1100, 1119 (N.D.Ill.1986), *aff'd*, 813 F.2d 798, 810 (7th Cir.1987).

**5.** The Court does not resolve the individual instances for which EEOC argues that the scope of its determination was different from the issues presented in this suit.

applied when same plaintiff brought first and second lawsuit). Although EEOC provides "virtual representation" of private individuals, this level of representation is insufficient to bar private actions subsequent to an EEOC action. *E.g., Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1125 (7th Cir.1987) (private suit following employer victory in EEOC suit); *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 65–66 (5th Cir.1974) (private suits following consent decree between EEOC and employer), *vacated on other grounds*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). The Court finds no reason to apply collateral estoppel against EEOC when the timing of suits is reversed. Indeed, to do so would inhibit EEOC's operations in its public interest role.[6] *Cf. EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir.1975) (settlement of separate action by charging party does not preclude "EEOC's right to bring an action in the public interest to eliminate discriminatory practices uncovered during investigation of [that] charge."); *EEOC v. Kimberly–Clark Corp.*, 511 F.2d 1352, 1361 (6th Cir.) (EEOC not privy to private suit and not barred by collateral estoppel or res judicata), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed. 2d 368 (1975); *EEOC v. Hutting Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir.1975) (expressing agreement with *Kimberly–Clark* opinion).

Arguably, the individual plaintiffs in *Porter* might be limited in their remedy due to the disposition of that suit. *See Hutting Sash*, 511 F.2d at 456. The Court does not find this argument to be persuasive. If the issue were framed as res judicata, the Court would be forced to address whether those individuals could be barred from recovery. *See id.* (res judicata may act to bar recovery for individuals by EEOC suit); *Astron Indus. Assocs., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir.1968) (stipulation of dismissal with prejudice has res judicata effect); *Barrantes Cabalceta v. Standard Fruit Co.*, 667 F.Supp. 833, 838 (S.D.Fla. 1987) (addition of new plaintiffs to later complaint does not prevent application of res judicata to plaintiffs from prior litigation). JSI, however, disavows any reliance on the doctrine of res judicata.

◼◼◼◼◼ Although the Court concludes that collateral estoppel does not apply against EEOC, the Court holds alternatively that were collateral estoppel to apply, the stipulated dismissal in *Porter* did not necessarily determine any issues in this suit. While "the stipulation of dismissal with prejudice constitutes a final judgment for the purpose of res judicata (claim preclusion)[,] [it does] not for the purpose of collateral estoppel (issue preclusion)." *Sullivan v. Easco Corp.*, 662 F.Supp. 1396, 1408 (D.Md.1987) (citing *Lawlor v. Screen Serv. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955)).[7] It appears that the only exception to this principle is the instance in which rulings were made in the prior proceeding after a full and fair opportunity to litigate the issues at contest. *Donovan v. United States Postal Serv.*, 530 F.Supp. 894, 898–900 (D.D.C.1981). Collateral estoppel may then be applied as to those issues. *Id.* As the party who would bear the burden of proof at trial on the affirmative defense of collateral estoppel, *see Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir.1986), JSI correspondingly bears the burden of producing proof in opposition to the motion for summary judg-

---

6. The facts of *Porter* also provide a basis to find no collateral estoppel effect. Although the complaint in that suit alleged a pattern and practice class action, the suit was obviously dismissed as a lawsuit by individual plaintiffs since court approval was not sought or obtained for the dismissal. *See* Fed.R.Civ.P. 23(e) (approval of court necessary to dismiss class action lawsuit).

7. JSI relies upon an analogy to consent decrees for its claim of collateral estoppel. *See Barber*, 778 F.2d at 757 (noting availability of doctrine). The differences between a stipulated voluntary dismissal pursuant to Fed.R.Civ.P. 41(a) and a consent decree create obvious reasons for rejecting the analogy. If the Court used JSI's method of analysis, however, the terse wording of the Joint Stipulation of Dismissal filed in *Porter* would prohibit an inference that collateral estoppel attached to the earlier case. *Compare id.* at 757–58 *and In re Halpern*, 810 F.2d 1061, 1064–56 (11th Cir.1987) *with Balbirer*, 790 F.2d at 1528 *and Kasper Wire Works, Inc. v. Leco Eng'g & Mach. Inc.*, 575 F.2d 530, 539–40 (5th Cir.1978).

ment that would permit the Court to find that genuine issues of material fact remain for trial, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). JSI neither suggests nor documents any rulings by the Court in *Porter*. This Court therefore concludes in the alternative that no collateral estoppel effect attaches to the stipulated voluntary dismissal in the *Porter* suit and will grant EEOC's motion for summary judgment.

### 4. *Pleading of Claims of Discrimination.*

■ EEOC seeks summary judgment on the issue whether allegations regarding job assignments, discipline, hostile work environment and any employment practices not bearing directly on promotions are absent from the Amended Complaint. The procedural posture of EEOC's motion puzzles the Court. EEOC appears to desire a ruling on the meaning of its pleadings. The motion does not seek judgment on the claim underlying the allegations. Since Fed.R.Civ.P. 56(a) applies to all or part of a claim, summary judgment is not an appropriate vehicle by which to ascertain the meaning of the pleadings without reaching the underlying claims.

JSI, however, requests that the Court enter summary judgment in its favor on the underlying claim or dismiss the disputed portion of ¶ 8 as defectively pled. Paragraph 8 of the Amended Complaint states (emphasis added):

> Since at least October 8, 1979, Jacksonville [Shipyards, Inc.] has engaged and is continuing to engage in unlawful employment practices at its Jacksonville Shipyards facility ... by maintaining a subjective and discriminatory polling system by which blacks are denied promotions *and subjected to unequal terms and conditions of employment.* The practices include failing and refusing to promote Samuel Green and James B. Crittenden because of their race.

Insofar as the challenge is to the sufficiency of the pleadings, the Court will treat JSI's motion as one to dismiss. In this posture, the Court will deny both EEOC's motion for partial summary judgment as to this issue and JSI's motion to dismiss.

■ JSI initially disputes the degree of specificity involved in the phrase "unequal terms and conditions of employment." The authority upon which JSI relies is inapposite. In *Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65 (3d Cir.1986), the Third Circuit applied its requirement of greater specificity in civil rights pleadings [8] to the appeal of the dismissal of a twice-amended complaint at the preliminary stages of litigation. *See id.* at 66. In contrast, this suit has been underway for more than two years. JSI has not previously objected to the challenged phrase as vague.[9] If the machinery of discovery did not adequately clarify the meaning of the challenged phrase, JSI bears the blame for failing to raise an earlier challenge or otherwise gaining clarification in pretrial proceedings.[10]

---

**8.** This rule, derived from *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir.1976), applies to suits brought pursuant to 42 U.S.C. § 1983. *Frazier* involved such a suit. The authority does not apply by its terms to Title VII suits and the Court does not find any reason to so apply it. Indeed, the rationale for the *Rotolo* rule—to identify the conduct questioned by the lawsuit— is satisfied in Title VII suits by the requirement that the civil suit not exceed the scope of the charge filed with EEOC.

**9.** This fact is significant because the *Rotolo–Frazier* requirement for specific pleading is linked to the reciprocal right to amend to cure the vagueness. *See, e.g., District Council 47, AFSCME v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986).

**10.** *Coon v. Georgia Pacific Corp.*, 829 F.2d 1563 (11th Cir.1987), is not to the contrary. The problem with the pleadings in that case arose from the plaintiff's failure to plead the specifics of the discrimination allegedly committed against her as an individual after the district court refused class certification. By contrast, the present suit is a class action suit which particularly names the polling system for promotions and two individuals who were affected by it. *Coon* inferentially endorses this pleading in a class action suit. *See id.* at 1565. Moreover, unlike *Coon*, the EEOC charges in this case specifically mention the allegations regarding job assignment, discipline, and harassment, and EEOC actually investigated these practices prior to filing this suit. *Coon* also endorses this in-

█] JSI further argues that it was led to believe that only promotion claims are at stake. JSI refers to the answers EEOC provided throughout discovery. As an argument for application of judicial estoppel, brief discussion is merited. Throughout discovery EEOC apparently has referred to promotion inequalities as "the gravamen of Plaintiff's complaint" and focused on "the issue of promotion." These statements are not inconsistent with EEOC's theory for litigating job assignments, discipline, and a hostile work environment. In its statement of the case EEOC alleges

> that discriminatory terms and conditions of employment were imposed upon black employees by the employer in such a way as to deprive the employees of preparatory job experience and training, motivation and incentive, and opportunity to advance to higher classifications within their crafts. These factors, when taken together, create an oppressive atmosphere in the workplace, with an adverse or disparate impact on the upward mobility of black employees.

Pretrial Stipulation, pp. 3–4. Specifics of these claims are set forth in a list denominated a through e, *id.*, pp. 4–5. Taken as a whole, in context, EEOC's claims concerning "unequal terms and conditions" deal with allegations of practices ancillary to the decision to promote. Thus, the gravamen, that is, the basis of EEOC's complaint, is in fact the issue of promotion. The Court perceives nothing misleading or inconsistent in EEOC's discovery answers and its claims challenged here.

5. *Matters Alleged to be Outside the Scope of EEOC Charge.*

█ JSI's Affirmative Defense "C" asserts that the Amended Complaint "should be dismissed since it states allegations outside the scope of the underlying race discrimination charges and contains allegations which are not 'like and related to the charge.'" EEOC seeks summary judgment against this affirmative defense. JSI replies that EEOC failed to conciliate the allegations regarding job assignment, discipline, and harassment.

JSI does not dispute that the allegations regarding job assignment, discipline, and harassment were included in the EEOC charge and that the allegations were actually investigated by EEOC. The Court therefore finds that these practices are "like or related" to the administrative charge, thus the permissible scope of the Amended Complaint includes allegations regarding these practices. *See, e.g., Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 928–29 (11th Cir.1983). The Court will enter summary judgment in favor of EEOC on Affirmative Defense "C".

JSI interjects Affirmative Defense "B", concerning conciliation efforts by EEOC, as a potential bar to EEOC's prosecution of the allegations regarding job assignment, discipline, and harassment. This assertion of Affirmative Defense "B" poses a problem insofar as JSI withdrew the defense, excepting the issue of Samuel Green's termination, in its memorandum filed November 25, 1987, and the Court rendered summary judgment thereon, *see EEOC v. Jacksonville Shipyards, Inc.*, 690 F.Supp. 995, 1001 (M.D.Fla.1988). As a result, JSI's modification of its position is exposed to nullification through application of judicial estoppel. *See, e.g., Tuveson v. Florida Governor's Council on Indian Affairs*, 734 F.2d 730, 735 (11th Cir.1984); *Jett v. Zink*, 474 F.2d 149, 155 (5th Cir.), *cert. denied*, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed. 2d 104 (1973). The Court elects not to reach this issue, however, because it is convinced that EEOC adequately conciliated the charges.

█ JSI submitted an affidavit by John Stewart, JSI's Manager of Industrial Relations, which in substance denies that allegations regarding hostile work environment, job assignments, and discipline did not enter into the conciliation efforts with EEOC. This constitutes a hypertechnical view of conciliation given the facts as evidenced in the record. EEOC undertook an investigation of two charges of discrimination, including allegations of the practices mentioned previously. In the course of the

corporation of the charge and investigation by EEOC. *See id.* at 1567.

investigation JSI issued a position statement denying wrongdoing, including a specific denial of the relevant allegations. *See* Plaintiff's Exh. 20 to Memorandum of Law in Support of Motion for Partial Summary Judgment filed March 14, 1988. An EEOC Specialist discussed a settlement offer for the charging parties with JSI. By letter dated August 2, 1985, JSI categorically rejected the settlement offer. *See* Plaintiff's Exh. N to Memorandum in Support of Motion for Partial Summary Judgment filed November 12, 1987. EEOC subsequently declared conciliation to be futile and nonproductive, terminating such efforts. *See* Plaintiff's Exh. O to *id.* The record supports the reasonableness of EEOC's determination in the light of all the circumstances. Because EEOC attempted generally to conciliate the charges while JSI denied liability and rendered further discussions futile, EEOC's conciliation efforts were adequate even though some specifics of the charges may not have been expressly discussed in the conciliation process prior to its termination. *See Marshall v. Sun Oil Co.*, 605 F.2d 1331, 1337 (5th Cir.1979); *EEOC v. American Express Publishing Corp.*, 681 F.Supp. 216, 221 n. 11 (S.D.N.Y. 1988). JSI has not raised an issue to force modification of the Court's entry of summary judgment on Affirmative Defense "B".

In accordance with the foregoing discussion of the present motions, it is

ORDERED AND ADJUDGED:

1. That plaintiff's Motion for Partial Summary Judgment, filed herein on March 14, 1988, is hereby granted as to defendant's Affirmative Defenses "C", "F", and "G" and is hereby denied as procedurally infirm regarding the meaning of certain language in ¶ 8 of the Amended Complaint;

2. That summary judgment is hereby entered in favor of plaintiff on defendant's Affirmative Defense "C", concerning allegations outside the scope of the EEOC charge, Affirmative Defense "F", concerning deferral to a local agency, and Affirmative Defense "G", concerning estoppel as it applies to the issues of prior EEOC reasonable cause determinations and the effect of

the case *Porter v. Jacksonville Shipyards, Inc.*, No. 78–117–Civ–J–JHM; and

3. That defendant's motion to dismiss, contained within the memorandum filed March 28, 1988, is hereby denied.