**Maria Del Carmen FIGUEROA, Plaintiff,**

**v.**

**ETHICON CORPORATION, Defendant.**

**No. Civ. 95–1722(PG).**

United States District Court, D. Puerto Rico.

Feb. 24, 1999.

Erick Morales and Humberto Ramirez, Carolina, P.R., for plaintiff.

Anita Montaner–Sevillano, San Juan, P.R., for defendant.

### *OPINION AND ORDER*

JUAN M. PEREZ–GIMENEZ, District Judge.

Defendant, Ethicon Corporation, filed a motion praying for the dismissal of the complaint under Local Rule 313.1B and Federal Rule of Civil Procedure 41(b) (Docket # 12).

Plaintiff, María del Carmen Figueroa, filed her opposition to defendant's motion (Docket # 14). Together with the motion requesting leave to file a reply to plaintiff's opposition, defendant filed the reply (Docket # 15). Leave to file a reply was granted.

Defendant argues that the complaint should be dismissed for failure to prosecute. Plaintiff claims that her co-counsel tried on various occasions to reach a suitable agreement with defendant's counsel but was unable to do so.

Local Rule 313.1(B) provides that a case is subject to dismissal if

[n]o substantial proceedings of record have been taken for a term of six (6) months as shown by the record docket. Substantial proceedings shall include dispositive motions, discovery measures, and certificate of readiness for trial, or other action which advances the matter toward trial or judgment. Substitution of attorneys, motions for enlargement of time, motions for protective orders, motions to continue or postpone status conferences or pretrial conferences, and similar proceedings, shall not be deemed substantial for the purpose of this rule.

The Court must revisit the docket of this case to determine whether no substantial proceedings or record had been taken for a term of six months. *See Ruiz Varela v. Sanchez Velez*, 814 F.2d 821, 825 (1st Cir. 1987).

The complaint was filed on June 8, 1995. Status conferences were held on October 18, 1995, and December 4, 1995. On December 4, 1995, plaintiff requested an extension of time to submit interrogatories and requests for admissions. On February 1, 1996, a third status conference was held. Among the issues discussed was (1) the continuance of plaintiff's deposition for February 21 and 22, and their request that fifteen days be granted to announce witness and experts. The request was granted and they were ordered to notify by informative motions within fifteen days the witness and experts, and plaintiff was to notify the name of the treating physician. Parties were to inform the Court if they felt that another status conference was needed.

The next document on docket is plaintiff's motion requesting a status conference, filed on July 23, 1998, "in order to expedite a date for pretrial and trial." On August 10, 1998, defendant filed its motion to dismiss. A fourth status conference was held on August 12, 1998. The minutes of proceedings reflect the fact that a motion to dismiss had been filed, that the parties had started settlement discussions and initiated discovery, and that plaintiff's deposition had not been completed. Plaintiff was instructed to respond to the motion to dismiss and the Court would then decide whether the case should continue.

The above record establishes that plaintiff did not take any action at all for two-and-a-half years. The reason given for her inactivity was that her counsel was trying on various occasions to settle the case. Defendant replied that the allegedly "ongoing" settlement negotiations consisted of no more than very brief telephone conversations held between the attorneys in 1995, 1996 and a casual unplanned brief encounter in early 1997. At no time did defendant's attorney agreed to submit an offer nor did anything to create plaintiff's expectations to that effect.

■ The Court agrees with the observation made in *E.E.O.C. v. Firestone Tire and Rubber Co.*, 626 F.Supp. 90, 94 (M.D.Ga. 1985) that

The pendency of settlement negotiations obviously is an acceptable excuse for some delay in a plaintiff's prosecution of its case, but the pendency of negotiations is not an excuse where the delay is unreasonably

long (a period of years in this case), or if it continues after it is apparent that the negotiations would not be fruitful.

 It is clear that the brief and sporadic telephone conversations were obviously "getting nowhere" because no offer was ever made by defendant nor did it express any willingness to settle. On one occasion, defendant's counsel informed plaintiff's counsel that he believed defendant would not reach an agreement because plaintiff had been promoted to another position (Sworn Statement Under Penalty of Perjury of Plaintiff's Counsel, Humberto G. Ramírez Ferrer). Plaintiff's counsel accepts that he continued to press for settlement after it was apparent that the negotiations would not be fruitful. Therefore, the negotiations in this case were unreasonably long and pursued after it became apparent they would not be fruitful.

Another aggravating factor is the unreasonable delay in conducting pretrial discovery. Plaintiff has failed to inform the Court the name of the witness, experts and the treating physician, as ordered by the Court on February 1, 1996. Plaintiff's deposition, which apparently started on December 15, 1995, and continued on February 21 and 22, 1996, has not been completed. Plaintiff's effort to expedite a date for pretrial and trial after two and a half years of inactivity comes too late. *See Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir.1987) (a clear record of delay "measured in years" will support a dismissal for want of prosecution) *see also Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir.1980) (affirming dismissal for lack of prosecution when record reflected "unreasonable delay" by plaintiff in conducting pretrial discovery).

The Court also notes that the unreasonable delay of this action has likely resulted on prejudice to defendant in relation to the availability of witnesses. The company's personnel has changed and it is not known whether key witnesses may be available.

 The Court recognizes that dismissal with prejudice for lack of prosecution is a "harsh sanction," *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir.1971), which "should be employed only when a plaintiff's misconduct has been extreme," *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990), and "only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." *Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.*, 848 F.2d 315, 317 (1st Cir.1988).

 However, a finding of extreme conduct is justified where there is extremely protracted inaction or some other aggravating circumstance, such as prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time. *Estate of Solis–Rivera v. United States*, 993 F.2d 1, 2 (1st Cir.1993). In this case plaintiff's protracted inattention and the concomitant prejudice to the company move the Court to grant defendant's motion. Alternative sanctions such as contempt, fine, or conditional orders of dismissal will not suffice. *See, e.g., E.E.O.C. v. Firestone Tire and Rubber Co., supra.*

In view of the above findings and conclusions, the Court hereby **GRANTS** defendant's motion to dismiss the complaint under both Local Rule 313(1)(B) and Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**